DAVID D. LIN (DL-3666)
JUSTIN MERCER (JM-1954)
**LEWIS & LIN, LLC**
45 Main Street, Suite 608
Brooklyn, NY  11201
David@iLawco.com
Justin@iLawco.com
Telephone: (718) 243-9323
Facsimile: (718) 243-9326

*Attorneys for Plaintiffs*
BAIQIAO TANG and JING GENG

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BAIQIAO TANG a/k/a TANG BAIQIAO and JING GENG, <br><br> *Plaintiffs*, <br><br> v. <br><br> WENGUI GUO, a/k/a MILES KWOK, a/k/a GUO WENGUI a/k/a HO WAN KWOK and GOLDEN SPRING (NEW YORK) LTD., <br><br> *Defendants*. | Case No: 1:17-cv-09031-JFK <br><br><br> **FIRST AMENDED COMPLAINT** |

Plaintiffs Baiqiao Tang a/k/a Tang Baiqiao ("Mr. Tang") and Jing Geng ("Jing," and

collectively with Mr. Tang, "Plaintiffs") by their attorneys Lewis & Lin LLC, for their complaint

against Defendants Wengui Guo a/k/a Miles Kwok a/k/a Guo Wengui a/k/a Haoyun Guo a/k/a Ho

Wan Kwok a/k/a Ho Kwok a/k/a Wen Gui Gwo a/k/a Wan Gue Haoyun a/k/a Guo Haoyun

("Kwok") and Golden Spring (New York) Ltd. a/k/a China Golden Spring Group (Hong Kong)

Limited a/k/a Ace Decade Holdings Limited a/k/a Beijing Pangu Investment Inc. d/b/a "Guo

Media" ("Golden Spring" and collectively with Kwok, "Defendants"), allege as follows:

## STATEMENT OF CASE

1.      Plaintiffs bring this action pursuant to the federal Lanham Act and common law for unfair competition, tortious interference, online harassment, and for the malicious, willful and unlawful publication in this District of false, misleading, disparaging and defamatory statements by Defendant Kwok regarding Plaintiffs.

2.      Plaintiff Mr. Tang is an activist and author who has been one of the leading Chinese political dissidents for the past 28 years, and who has dedicated his life's work and reputation to promoting democracy in China.  Mr. Tang was a leader in the student uprising that led to the Tiananmen Square massacre in 1989, escaped from communist China in the early 1990s, and now permanently resides in exile in the United States as a political refugee—where he continues to promote democracy. Plaintiff Jing is Mr. Tang's wife.

3.      Defendant Kwok is a Chinese multi-billionaire who, in the wake of pressure from criminal charges related to his business activities in China, used his platform and personal wealth to perpetrate an attack campaign against Mr. Tang by publishing and communicating false, defamatory and completely fabricated statements on YouTube videos and his Twitter account, @KwokMiles—where he promotes his then-upcoming, recently-launched competing online media outlet "Guo Media" a/k/a "Everything Is Just Beginning" and includes links to and advertisements of his commercial businesses.  The ostensible purpose of Kwok's campaign is "expose corruption." However, the true nature of Kwok's posts was and was intended to promote and support his media endeavors and public persona—for which he has filed various trademark applications in his own name, including "GUO WENGUI," "MILES KWOK," and "MILES GUO," as well as for "EVERYTHING IS JUST BEGINNING" (the "Kwok Marks").  Defendant Golden Spring is the putative owner of the Kwok Marks.

4.      Specifically, in or around August 2017 to the present, via public comments to third parties, via Kwok's Twitter account (published to over 596,000 Twitter followers online and touted by Kwok to have received over 4 *billon* impressions), via Defendants' YouTube account (published to over 169,366 subscribers), via email and social media, and accessible across the Internet, Kwok accused Mr. Tang of cheating, swindling and/or defrauding donation monies for personal gain.

5.      Defendant Kwok's fallacious Twitter posts and YouTube videos of his public statements remain active and, upon information and belief, viewed by hundreds of thousands of visitors each day, and Defendant continues to defame and injure Plaintiffs with same. Kwok's false accusations threaten to destroy Plaintiffs' entire reputations and Mr. Tang's livelihood. As a result of Defendant's misconduct, Plaintiffs have been and continue to be substantially and irreparably harmed.

**PARTIES**

6.      Plaintiff Tang Baiqiao ("Mr. Tang") is an individual and Chinese political refugee, granted permanent resident status in the United States, domiciled in the State of California.

7.      Plaintiff Jing Geng ("Jing" collectively with Mr. Tang, "Plaintiffs")) is a private individual and U.S. citizen, domiciled in the State of California.

8.      Upon information and belief, Defendant Kwok a/k/a Guo Wengui ("郭文贵") is an individual and Chinese national and/or Hong Kong national who is residing and domiciled in New York at 781 Fifth Avenue, 18th Floor, New York, New York 10022.  Kwok uses aliases, including but not limited to, Miles Kwok, Guo Wengui, Haoyun Guo, Ho Wan Kwok, Ho Kwok, Wen Gui Gwo, Wan Gue Haoyun, and Guo Haoyun.  Defendant Kwok maintains the active, verified Twitter account "@KwokMiles" and YouTube account "郭文贵".

9.     Upon information and belief, Defendant Golden Spring (together with Kwok, "Defendants") is a Delaware corporation, authorized to do business in the State of New York as a foreign business corporation, with a principal office and place of business at 781 Fifth Avenue, 18th Floor, New York, New York 10022.

10.    Kwok is an individual who owns, directs and/or controls Golden Spring, and who has directed the wrongful conduct complained of herein.

11.    At all times material to this action, each of the Defendants was the agent, servant, employee, partner, alter ego, subsidiary, or joint venture of the other defendant, and the acts of each defendant were in the scope of such relationship; in doing the acts and failing to act as alleged in this Complaint, each of the Defendants acted with the knowledge, permission, and the consent of the other defendant; and each defendant aided and abetted the other defendant in the acts of omissions alleged in this Complaint.

## JURISDICTION AND VENUE

12.    This Court has jurisdiction over the subject matter of this action pursuant to the Lanham Act, 15 U.S.C. § 1051 et seq.  This Court has also subject matter jurisdiction, *inter alia*, pursuant to 28 U.S.C. §§ 1331, 1338 and 1367.

13.    This Court has pendent jurisdiction of the related state law claims asserted in this action pursuant to 28 U.S.C. § 1367 because they involve the same parties, they arise from the same operative facts common to the causes of action arising under the federal claims, and because the exercise of pendent jurisdiction serves the interests of judicial economy, convenience and fairness to the parties.

14.    This Court has personal jurisdiction over Defendant Kwok because he is a resident of the State of New York.

15.     The Court has personal jurisdiction over Defendant Golden Spring because it is authorized to do business in the State of New York and maintains its principal office within this judicial district.

16.     This Court also has personal jurisdiction over Defendants pursuant to CPLR § 302 because they (i) transact business within the State of New York and (ii) committed a tortious act within the State of New York, while regularly doing and soliciting business and deriving substantial revenue from services rendered in the State of New York.

17.     Defendants further subjected themselves to this Court's jurisdiction by invoking the benefits and protections of this State in an attempt to cause harm from the State of New York.  Defendants orchestrated false and defamatory posts, made between August 2017 and the present, all from Kwok's residence and Golden Spring's principal office in New York, while Defendants engage in substantial competition with Plaintiffs Tang.

18.     Venue is proper in this judicial district under 28 U.S.C. § 1391(b) and (c), since some, or all, of the conduct that is the subject of this action occurred in this district.

## BACKGROUND COMMON TO ALL CLAIMS

19.     Plaintiff Mr. Tang is a political activist and author who has been one of the leading Chinese political dissidents for the past 28 years, and who has dedicated his life's work and reputation to promoting democracy in China.

20.     Mr. Tang was a *leader* in the student uprising that led to the Tiananmen Square massacre in 1989, escaped from communist China in the early 1990s, and now permanently resides in exile in the United States as a political refugee—where he continues to promote democracy.

21.     Prior to his arrival in the United States, while in exile in Hong Kong, Mr. Tang

contributed to and co-authored "Anthems of Defeat: Crackdown in Hunan Province 1989-1992" through Human Rights Watch—which book details some of the harshest punishments and human rights atrocities by the Communist Party of China ("CCP") during the Tiananmen Square protests and 1989 democracy movement.

22.     Since his escape from China, Mr. Tang has remained active in the pro-democracy movement, including bringing international attention to China's human rights policies and calling for review of the CCP's persecution of Falun Gong practitioners.  Mr. Tang is a frequent on-air commentator for New York-based television broadcaster New Tang Dynasty Television—which frequently covers topics that are censored in mainland China, such as human rights.  He also is a spokesman and officer for the China Interim Government—which was founded with the goal of disintegrating the tyranny of the CCP.

23.     In 2011, Mr. Tang co-authored the book "My Two Chinas: The Memoir of a Chinese Counterrevolutionary," detailing his life's work and history of pro-democracy activism. Mr. Tang's written work has also appeared in numerous national and international journals and publications, including the Journal of International Affairs—a publication edited by graduate students at the School of International and Public Affairs at Columbia University, where Mr. Tang earned his Master's degree in 2003.

24.     Mr. Tang has been invited to speak at human rights and international affairs conferences across the United States, some of which he receives modest honorariums. He has also been known for his pro-democracy nonprofit organizations including the China Peace and Democracy Federation–formerly called "China Peace"–and the All China People's Autonomous Federation.  Mr. Tang's organizations were and are funded via public and private donations.

25.     Jing Geng Tang is Mr. Tang's wife and is a private individual.

26.     Mr. Tang has founded and established organizations and online media outlets to promote the concept of human rights and democracy, promote the democratic revolution in China, and train youth leaders for future democracy in China.

27.     For instance, Mr. Tang co-founded the online media outlet called "Conscience Media" ("良知媒體") (accessible on the Internet at <www. lzmtnews.org> and <www.liangzhichuanmei.com>, and on Twitter at @lzmtnews).  Conscience Media is an independent, online news media outlet focused on uniting forces of global justice, seeking justice for vulnerable groups and individuals who are subjected to persecution, and establishing itself as the premiere information and publishing hub to promote the democracy. While Conscience Media does not accept any government subsidy, all funds for the operation of its website and journalism arms come from non-governmental donations and are regularly announced to the public.  Even though access to websites such as Conscience Media is restricted and/or in China, Conscience Media quickly developed into one of the major online destinations for news and information about the democratic revolution in China, principally because of its well-known association with Mr. Tang.

28.     Through his own efforts and reputation, Mr. Tang receives also donations, speaking fees and contributions to support his life's work: the pro-democracy movement in China.

29.     In addition, Mr. Tang conducts and host conferences and fund raising events, entitled the "Democratic Revolutionary Conference," in various states, including New York, where attendees pay fees and/or invited make financial contributions to attend.  Sums received from such donations help support Mr. Tang's democracy efforts, including his media outlet Conscience Media.

30.     In short, Plaintiffs Tang derives income from donations, contributions, and public and private gifts buttressed on Mr. Tang's personal and professional reputations—which are held in high regard.

### Defendants and their Wrongful Conduct

31.     In early 2017, Mr. Tang was introduced to Defendant Kwok, a Chinese multi-billionaire and real estate mogul. Before Kwok moved to the United States, he had connections with senior officials in the Chinese government and amassed his fortune via an extensive portfolio of hotels, office buildings, condominiums and investment firms.

32.     Kwok, in the wake of pressure from criminal charges related to his business activities in China in 2015, relocated to a $68 million apartment in New York City (where he resides today), to cultivate an image of resistance to corruption in the Chinese government, ostensibly as a political dissident in the vein of Mr. Tang.

33.     Based on this portrayal of common interests, Mr. Tang and Kwok developed a personal and professional relationship that Mr. Tang hoped would promote democracy in China—his life's mission.

34.     Unaware that Kwok intended to leverage Mr. Tang's reputation and following for his personal and professional gain, Mr. Tang became one of Kwok's most public and ardent supporters in Kwok's purported resistance to corruption in the CCP.

35.     Upon information and belief, few in the United States knew of Kwok before his rousing endorsement from Mr. Tang in 2017—which endorsement, along with Kwok's flamboyant personality, catapulted him into the spotlight.

36.     Then, instead of supporting Mr. Tang's human rights efforts, Kwok used his platform and personal wealth to perpetrate an attack campaign against Mr. Tang by publishing

and communicating false, defamatory and completely fabricated statements on YouTube videos and his Twitter account, @KwokMiles—where he promotes his then-upcoming, recently-launched competing online media outlet "Guo Media" a/k/a "Everything Is Just Beginning" and includes links to and advertisements of his commercial businesses: www.panguplaza.com.

37.     Upon information and belief, Pangu Plaza is an Olympic torch-shaped complex of hotel, office, and condominium residence buildings owned by Kwok and built prior to the 2008 Olympic games in Beijing.

38.     In reality, Kwok's public persona and political dissident narrative, co-opted from Mr. Tang's actual life history, is a ruse (i) to garner financial support for his competing online media outlet and soon-to-be-trademarked personal brands (ii) to gain political and public support for his political asylum application in the United States and (iii) to supplant himself as the most-worthy and/or primary recipient of financial support for the social causes Mr. Tang has spent his life advancing (to wit: democracy in China)—all to escape his criminal charges in China and to continue adding value to his multi-billion-dollar empire.

39.     In early to mid 2017, Defendants began to market a YouTube weblog series called "Everything Is Just Beginning."  Kwok is the host and commentator of the program available on Kwok's YouTube channel.

40.     The ostensible purpose of "Everything Is Just Beginning" is the presentation of views in the spirit of Mr. Tang's proven democracy movement. However, as became apparent, the really purpose of Defendants' "Everything Is Just Beginning" media campaign was to compete with Mr. Tang personally and socially, as well as professionally, in the online media business.

41.     On or around June 20, 2017, Defendants filed an application for a trademark

registration, US Trademark Serial No. 87496983, with the United States Patent & Trademark Office ("USPTO") for the word mark "EVERYTHING IS JUST BEGINNING" for "Entertainment services, namely, providing a web site featuring photographic, video and prose presentations featuring news and social and political commentary" (the "EVERYTHING IS JUST BEGINNING Applied-For Mark").

42. On or around June 22, 2017, Defendants filed an application for a trademark registration, US Trademark Serial No. 87500691, with the USPTO for the word mark "MILES KWOK" for "Entertainment services, namely, providing a web site featuring photographic, video and prose presentations featuring news and social and political commentary" (the "MILES KWOK Applied-For Mark").

43. On or around June 22, 2017, Defendants filed an application for a trademark registration, US Trademark Serial No. 87500710, with the USPTO for the word mark "MILES GUO" for "Entertainment services, namely, providing a web site featuring photographic, video and prose presentations featuring news and social and political commentary" (the "MILES GUO Applied-For Mark").

44. On or around June 22, 2017, Defendants filed an application for a trademark registration, US Trademark Serial No. 87500728, with the USPTO for the word mark "GUO WENGUI" for "Entertainment services, namely, providing a web site featuring photographic, video and prose presentations featuring news and social and political commentary" (the "GUO WENGUI Applied-For Mark," collectively the "Kwok Marks").

45. On or around September 25, 2017, Defendants filed similar applications for trademark registrations for each of the Kwok Marks in the United Kingdom.

46. Beginning in or around August 2017 and continuing to the present, in an

intentional effort to divert business and contributions away from Plaintiff Tang and toward

Defendants, and to cause injury to Mr. Tang, Defendant Kwok began to contact Tang's potential

donors in an effort to dissuade Plaintiff Tang's potential donors from doing business with or

contributing to Plaintiff Tang or his online media outlet, Conscience Media.

47.     In particular, Defendant Kwok has posted taunting material and defamatory

statements, authored, espoused, concurred in and/or endorsed by Kwok, about Plaintiffs Mr.

Tang and Jing  and Plaintiff Tang's services on various websites and social media outlets across

the Internet—including on his YouTube and Twitter accounts.

48.     Specifically, Kwok has attempted to attack the personal and professional

reputation of Mr. Tang and Jing to undermine Mr. Tang's credibility as the leading Chinese

political dissident (as well as the attention received by Mr. Tang's competing media outlet

Conscience Media) by falsely accusing and directly endorsing others' false statements accusing

Mr. Tang and Jing of being a spies for the Chinese government, accusing Mr. Tang of defrauding

and swindling monies for donations sent to Mr. Tang and his pro-democracy organizations, and

calling Mr. Tang all types of heinous things, including a convicted rapist.

49.     On or about September 8, 2017, Mr. Tang publicly announced a fundraising

campaign for the Democratic Revolution Conference to be held in New York from September 30

to October 1, 2017 on the Conscience Media website.  The goals of the conference were to meet

and discuss how to effectively promote democracy in China.

50.     After the conference was announced on the Conscience Media website, upon

information and belief, the CCP attempted to sabotage every aspect of the conference, including

discrediting and intimidating the preparatory team members of the Conference, including Mr.

Tang. One the participating guests was harassed and threatened to obstruct the open and

legitimate fundraising activities in the preparatory process for the Conference.

51.     At that time, upon information and belief, no other similar pro-Chinese-democracy conference was being promoted and was fundraising in New York, or in the United States.

52.     On or about September 10, 2017, speaking from his New York apartment, Kwok live-streamed and subsequently published on YouTube a 1 hour 20 minute and 11 second long Chinese language video to an audience of supporters (the "September 10th Video"). The September 10th Video is available and can be viewed on Kwok's YouTube account at www.youtube.com/watch?v=EOk2QpE4aAU.

53.     To date, the September 10th Video on Kwok's YouTube channel, in which he defames Mr. Tang, has been viewed more than 255,000 times.  A condensed 13-minute version of the September 10th Video, is available and can be viewed at www.youtube.com/watch?v=fWvJ7UPsZAI. To date, that version of the September 10th Video has more than 292,000 views on YouTube.

54.     In both versions of the September 10th Video, Kwok defames and makes false statements of fact about Plaintiffs Tang and the planned Conference, while promoting his online media business endeavors. A Chinese language transcript and English language translation of the condensed version of the Video is annexed hereto as **Exhibit A**.

55.     Specifically, in the September 10th Video, Defendant Kwok states, in relevant part as follows:

   a.   "**There are many conferences**, such as **TANG** . . . **democratic meeting**, . . . .However, if anyone wants to fundraise in society, I will cut off the relationship with you immediately. We need to be very clear. If anyone makes a fundraising

activity, I will cut off the relationship with you immediately, because **we cannot fundraise at this time**. . . ."

    b.   "They don't have money to eat, so **they just swindle donations for the party**, and they beg for money for the party, and they just know how to ask for money."

    c.   "[N]ow we have become a party that begs for food or money, or a party that **swindles for donations, and then the donations become unclear**, so this is a huge damage to us, a huge damage, so I tell everyone that I am firmly against it. Anything related to donations or fundraising, I will immediately draw a clear line with you. If you have democracy, you have the heart and motivation to pursue democratic freedom and governance by law, you can devote your own time and work, including some money, **but you cannot fundraise**."

*See* Exhibit A (emphasis added).

56.    The above statements are knowingly and materially false, and were made to defame Plaintiffs.

57.    Further, in the September 10th Video, Defendant Kwok states, in relevant part:

    a.   "Chinese media need to be independent. Under the circumstances of national security interest, we must have this.  This is what I pursue. . .**Everything is just the beginning**."

*See* Exhibit A (emphasis added).

58.    Upon information and belief, Defendant Kwok referenced "Everything is just the beginning" to garner attention for and ultimately drive consumers to his competing online entertainment and media business he advertises under the trademarks EVERYTHING IS JUST BEGINNING and GUO WENGUI.

59. Within the same September 10th Video, Defendant likewise made unseemly comparisons between Plaintiffs and "swindling for donations," i.e. serious crimes of fraud, in an effort to promote his false persona of being a political dissident. Thus, by linking Mr. Tang and the conference to these forms of "swindl[ing]" and fraud, Defendant Kwok intentionally attempts to bring Plaintiffs' reputation, credibility and good will in ill repute.

60. Defendant made the above statements in such a fashion that no reasonable person would believe that the statements made therein were opinion, but rather statements of fact about Plaintiff Mr. Tang.

61. Furthermore, because of Defendant Kwok's stature in the community and Tang's previous public endorsement of Kwok, viewers understood the above statements to be factual.

62. Upon further information and belief, from August 2017 to the present, Defendant has communicated these same false and defamatory statements to other individuals, via email, social media, orally and elsewhere in writing.

63. The September 10th Video has remained active and accessible through the Internet since its creation.

64. Upon information and belief, hundreds, if not thousands, of people each day view the September 10th Video, which has a significant influence on viewers' perception of Plaintiff Mr. Tang.

65. Moreover, more than twenty scheduled attendees at the Democratic Revolution Conference cancelled their trips and withdrew their donations after the Video was published and stated to Mr. Tang that the false statements in the September 10th Video motivated their decisions to withdraw.

66. Upon information and belief, numerous other potential and prospective attendees

refused to attend and/or withdrew their support for the Democratic Revolution Conference after viewing Kwok's September 10th Video.

### Kwok's Campaign of Disparaging Statements and Unfair Competition

67.     Upon information and belief, Kwok also posted a link to the September 10th Video on his Twitter account, @KwokMiles, where he has made and/or endorsed other disparaging statements regarding Plaintiffs in an effort to continue his organized campaign to compete with Plaintiff in the online media business and supplant himself as the most noteworthy political dissident, in the vein of Mr. Tang and in the spirit of Conscience Media.

68.     Upon information and belief, Defendant Kwok posted the link on his Twitter account, @KwokMiles, to garner attention for and ultimately drive consumers to his competing online entertainment and media business he advertises under the trademarks EVERYTHING IS JUST BEGINNING and MILES KWOK.

69.     On September 11, 2017, Kwok sent Mr. Tang two voice messages wherein Kwok falsely claimed to have evidence that (i) Mr. Tang was sentenced to jail for the crime of rape and (ii) Mr. Tang received millions of dollars from the Chinese government through Plaintiff Jing, his wife—insinuating that Mr. Tang's decades-long claims of dissidence to the Chinese government were false and that Mr. Tang and Jing were "special agents" or spies for the Chinese government.  In those voice messages, Kwok said he sent dozens of pages of documents to at least seven individuals, including two scheduled attendees at the Democratic Revolution Conference, Mr. Hongbin Yuan and Mr. Guo Baosheng (unrelated to Defendant Kwok).

70.     Upon information and belief, Kwok also repeated these false claims of rape by Mr. Tang to the seven individuals.

71.     Thereafter, Mr. Hongbin Yuan and Mr. Guo Baosheng cancelled their trips and

withdrew their attendance at Democratic Revolution Conference, including their planned

contributions.

72.     On or about October 10, 2017, Kwok posted a tweet to his MILES KWOK™

Twitter account stating: "对唐柏桥一些事情的说明包括8月16日唐柏桥对郭文贵先生的留言

节选（经相关人士许可发布），" which translates to "Explanations of the things related to Tang

Boqiao and selected messages of Tang Boqiao to Mr. Guo Wengui on August 16 (permitted to

be published by applicable people)." (the "October 10th Tweet"). The October 10th Tweet is

available and can be viewed on Kwok's Twitter account at

www.twitter.com/KwokMiles/status/917727740329160704.  An English language translation of

the October 10th Tweet is annexed hereto as **Exhibit B**.

73.     Kwok's October 10th Tweet also published a YouTube video of Mr. Guo

Baosheng, wherein Mr. Guo Baosheng (i) published a 20 minute long voice recording between

Mr. Tang and Defendant Kwok, that Mr. Guo Baosheng said he received from Defendant Kwok,

(ii) published disparaging statements that Mr. Tang was wrongfully using monies from his

organization's bank account to steal same for Mr. Tang's personal gain. A visitor to Kwok's

Twitter account can view the entire Guo Baosheng video within Kwok's October 12th Tweet,

without leaving the tweet or webpage.

74.     All of the statements concerning Mr. Tang within the video appended to the

October 10th Tweet are false and completely fabricated.  They have been published by Kwok on

his Twitter account for the overt purposes of (i) destroying the reputation and business of Mr.

Tang by misleading the public to believe that Mr. Tang can and does swindle donation money

for personal gain and (ii) to convince consumers not to visit Mr. Tang's Conscience Media

network of websites, and instead support Kwok's then-upcoming media outlets.

75.     Specifically, because of Kwok's additional commentary on the October 10th Tweet, coupled with the act of retweeting the disparaging video within, and his reputation and experience (including his professed and well-known relationship with Mr. Tang), people understood that Kwok adopted the factual content of the Tweet and video within as true—as if he were speaking the words within the video himself, in addition to republishing those same words on his Twitter account.

76.     The October 10th Tweet has been "retweeted" more than 400 times and "liked" more than 1,400 times.

77.     Upon information and belief, the video appended to the October 10th Tweet has been viewed more that 63,000 times.

78.     On or about October 12, 2017, Kwok posted a tweet to his MILES KWOK™ Twitter account stating: "(20)郭文贵保卫战：女侠大战唐骗子系列之三（决胜篇）10/11/17," which translates to "(20) Guo Wengui Defense War: Female Warrior Fighting Against Liar Tang Series Three Final Battle 10-11-17." (the "October 12th Tweet"). The October 12th Tweet is available and can be viewed on Kwok's Twitter account at www.twitter.com/KwokMiles/status/918624512983388160.  An English language translation of the October 12th Tweet is annexed hereto as **Exhibit C**.

79.     Kwok's October 12th Tweet also published a YouTube video of Xinping Zhang originally posted YouTube on October 11, 2017 (the "October 11th Video"). A visitor to Kwok's Twitter account can view the entire October 11th Video within Kwok's October 12th Tweet, without leaving the tweet or webpage. A Chinese language transcript and English language translation of the October 11th Video is annexed hereto as **Exhibit D.** The title of the October 11th Video (appended to the October 12th Tweet) translates to "(20) Guo Wengui Defense War:

Female Warrior Fighting Against Liar Tang Series Three Final Battle 10-11-17 Eliminate completely Tang Boqiao [*sic*] is the biggest contribution to our Guo Wengui Defense War." *See* Exhibit C.

80.     In the October 11th Video, appended to Kwok's October 12th Tweet, Kwok and Ms. Zhang published false and disparaging statements concerning Mr. Tang, Jing and PlaintiffsMr. Tang's services, including, but not limited to, (i) that Mr. Tang and Jing were a "special agent[s]" or spies for the Chinese government, (ii) Mr. Tang is a "liar," (iii) Mr. Tang "swindles" for donations, and (iv) that Defendant Kwok has documentary evidence that Mr. Tang cooperated with Chinese authorities by identifying and turning in other political dissidents who have since mysteriously disappeared.

81.     In the October 11th Video, published by Defendant Kwok, it states in relevant part as follows:

a.     "YUAN Jianjun exposed materials about **GENG Jing being a secret agent**."

b.     "Then, yesterday there was an announcement, and yesterday the formal cutting off of the relationship with **TANG Baiqiao** was made public, and a long recording was played. People also learned the truth about many things. Then, for **Liar TANG Baiqiao, he swindles for donations, he swindles for money, always swindling and lying, doing sneaky things**, I think everyone has understood it now."

c.     "Today, I want to emphasize that **TANG Baiqiao is not just a liar, he is really a secret agent**. We will keep exposing him continuously, but the thing about exposing **his secret agent identity**, **we need to pay attention to Mr. GUO's exposed materials**, so that we will not have any conflict with his exposed

materials. To reveal **this liar, the secret agent** thing is very important, but if Mr.

GUO has anything new, we will withdraw and wait until Mr. GUO settles down.

We will not let the Internet be very quiet, and we will expose **this big liar**. Today,

I want to talk about **TANG Baiqiao, this secret agent**. **I not only have evidence**

**about his political background, there are indeed a lot of signs indicating that**

**he has the background of Chinese Communist Party**."

d.   Mr. Tang "is just a dog raised by the Chinese Communist Party. He uses the

Chinese consulate in Los Angeles as his own house."

e.   "Why did **TANG Baiqiao** visit the younger brother of Bruno WU in Tangbao the

first thing when he arrived in New York? This indicates that **he came with the**

**mission from the Communist Party**, to get in touch with Mr. GUO, and after

contacting Mr. GUO, **to find opportunities to kill Mr. GUO**."

f.   "I tell you, no wonder that **GENG Jing** worked so hard, waiting in Central Park

during such a heavy rain. **What are you if you are not a secret agent**?"

g.   "Also, a few days ago, Mr. YUAN played a recording of Mr. GUO, questioning

you TANG Baiqiao, and we listened to the content of his questions to you. Mr.

**GUO asked you about the documents. Mr. GUO said that he donated money**

**to you for the democratic movement, but it was not for you TANG Baiqiao**.

But please explain it to me, **what are the files about? TANG Baiqiao, please**

**hurry up and explain to us what the files are about. These files are about the**

**internet friends in China who supported you for the democratic revolution,**

**the internet friends who donated money to you. You submitted the list to the**

**Ministry of National Security of the Chinese Communist Party, and now**

**these internet friends have all disappeared**. Why did they disappear? TANG

Baiqiao, please explain. If you are not a **secret agent,** then what are you? **Mr.**

**GUO has the evidence, but we don't**."

h. "In the evening of the day before yesterday, when YUAN Jianbin was disclosing

**the secret agent identity of GENG Jing**, he was constantly attacked by hackers."

i. "**GENG Jing is a current secret agent of the Ministry of National Security,**

**and has funds for being a secret agent**. TANG Baiqiao is a target for which

GENG Jing has tried to develop and is under GENG Jing. **Therefore, although**

**TANG Baiqiao is not a current secret agent of the Ministry of National**

**Security, he is absolutely a target of being recruited to be a secret agent and**

**is a small secret agent**."

j. "**We must completely expose the secret agent identity of TANG Baiqiao**

because  [f]or the defense of GUO Wengui, he can cause more damaging effect

than a cold stone knife in a summer night, greater damaging effect than any

person. **He still swindled many internet friends**, and if we don't expose him

now, he will still keep dividing our internal defense force. In his heart, **Liar**

**TANG** has enormous hatred towards GUO Wengui."

*See* Exhibit D (emphasis added).

82.     The October 11th Video calls Mr. Tang a "liar" more than 28 times and Mr. Tang

and/or Jing a "secret agent" more that 15 times.

83.     All of the statements concerning Mr. Tang and Jing within the October 11th

Video, appended to Kwok's October 12th Tweet are false and completely fabricated.  They have

been published by Kwok on his Twitter account for the overt purpose of destroying the personal

20

reputations and business of Mr. Tang and Jing.

84.     Neither Mr. Tang nor Jing are "secret agents" or spies for the Chinese Communist Party. Mr. Tang does not "swindle for donations" or "swindle for money." Mr. Tang did not try to "kill Mr. Guo [a/k/a Kwok]."

85.     Specifically, because of Kwok's additional commentary on the October 12th Tweet, coupled with the act of retweeting the disparaging October 11th Video within, and his reputation and experience (including his professed and well-known relationship with Mr. Tang), people understood that Kwok adopted the factual content of the October 12th Tweet and October 11th Video within as true—as if he were speaking the words within the October 11th Video himself, in addition to republishing those same words on his MILES KWOK™ Twitter account.

86.     Indeed, Kwok's earlier published videos similarly accused Mr. Tang of being, *inter alia*, a "swindler" before and referenced documentary "evidence" that Kwok claims to have (*see* ¶ 82(g)) above), such that Kwok's republication of the October 11th Video was understood (by viewers of the video and his October 12th Tweet) to be a continuation of the false set of facts that Kwok had asserted about Plaintiffs in the recent past.

87.     The October 12th Tweet has been "retweeted" more than 300 times and "liked" more than 1,200 times.

88.     Upon information and belief, the October 11th Video (published within Kwok's October 12th Tweet) has been viewed more than 30,000 times.

89.     On or about October 23, 2017, Kwok, speaking from his New York apartment via video to approximately, upon information and belief, twenty to thirty individuals, defamed and made false statements of fact about Plaintiff Tang and the planned Conference. (the "October 23rd Video"). A condensed version of the October 23rd Video, is available and can be viewed at

www.twitter.com/GO_GO_60/status/922680968728776704. A Chinese language transcript and

English language translation of a condensed version of the October 23rd Video is annexed hereto

as **Exhibit E**.

90.    In the October 23rd Video, Defendant Kwok states, in relevant part as follows:

    a.   "In addition, I always try to be thankful for and unite with Mr. *TANG Baiqiao*.

         You may not know what my relationship with Mr. *TANG Baiqiao* has inflicted on

         me. I have to endure attacks, resentment and so many negative things from

         overseas and his enemies. However, our feelings and moral integrity ultimately

         failed to overcome the power of truth. *Mr. TANG Baiqiao* is unable to withstand

         the test. Later I will forward you an audio file of 20+ minutes he sent to me. . .

         .But you need to know that Mr. *TANG Baiqiao* made a big mistake in that audio

         recording. I, Wengui, used to be a grassroots farmer. I have seen many things.

         Nobody dared to talk to and treat me like that. That shows some problems with

         Mr. *TANG Baiqiao*. First, as you can hear from the audio recording, **he stressed**

         **I'm affluent as I easily made a donation of USD 500,000 while a meeting costs**

         **only USD 20,000 to 30,000 US**. Such notion astounded me very much. **It proved**

         **what others said about him. What exactly? He regarded democratic**

         **movement as democratic donation. He regarded democratic movement as a**

         **business**. This has been absolutely corroborated in [the recording]. Second, he

         brings up his wife for everything. He always favors personal relationship over our

         ideals and fighting goals. **He can't make a clear distinction between public and**

         **private interests**. Third, much to my astonishment, he is so conceited that he said

         my whistle blowing and the results of our fight against traitors would be

22

> impossible without him. Undoubtedly[,] he overestimated himself. In conclusion, **his purpose to attend the democratic congress is impure** and his political quality and morality are substandard."

*See* Exhibit E (emphasis added).

91.     The above statements are knowingly and materially false, and were made to defame Plaintiff Tang.

92.     Within the same October 23rd Video, Defendant Kwok again makes unseemly comparisons between Plaintiff Tang and swindling for donations, i.e. serious crimes of fraud, in an effort to promote his false persona of being a political dissident. Thus, by linking Mr. Tang and the conference to these forms of swindling and fraud, Defendant Kwok intentionally attempts to bring those Plaintiffs' reputations, credibility and good will in ill repute.

93.     Defendant Kwok made the above statements in such a fashion that no reasonable person would believe that the statements made therein were opinion, but rather statements of fact about Plaintiff Mr. Tang.  Indeed, in the October 23rd Video, Kwok claims to have documentary evidence supporting his statements regarding Plaintiffs' donation improprieties that he received from "intelligence agents in which [he] ha[s] 28 years of experience," to give the false impression that his statements are supported by facts only known to him.

94.     On or about November 12, 2017, speaking from his New York apartment, Kwok live-streamed and subsequently published on his EVERYTHING IS JUST BEGINNING™ YouTube a 38 minute and 43 second long Chinese language video to an audience of supporters (the "November 12th Video"). The November 12th Video is available and can be viewed on Kwok's YouTube account at www.youtube.com/watch?v=HPeOcd437y8.  To date, the November 12th Video on Kwok's YouTube channel, in which he defames Mr. Tang, has been

viewed nearly 146,000 times.

95.     A condensed 2-minute version of the November 12th Video, is available and can be viewed at twitter.com/GO_GO_60/status/929904474751152128. To date, that version of the November 12th Video has more than 170 retweets and more than 340 likes.

96.     In both versions of the November 12th Video, Kwok defames and makes false statements of fact about Plaintiff Tang.

97.     Specifically, in the November 12th Video, Defendant Kwok begins by ridiculing the exiled political refugees from the Tiananmen Massacre—including Mr. Tang. Then Defendant Kwok praises Ms. Zhang and her statements in the October 11th Video, and states, translated in relevant part as follows:

> a.     "Fundraising every day. After 28 years, how much money have you raised? Did you do anything like a human? Where did the donation money go? Who implemented after the meeting? Fundraising after fundraising, meeting after every fundraising, everyone is gone after eating and drinking in the meeting and did nothing. You are more despicable than Chinese Communist Party and the Thefts of the National Wealth."

98.     By linking Mr. Tang and his organization's efforts to the CCP and using the words "theft" in association with Plaintiff's fundraising efforts, Defendant Kwok intentionally attempts to bring those Plaintiff Tang's reputations, credibility and good will in ill repute.

99.     On or about November 16, 2017, Kwok live-streamed and subsequently published on his EVERYTHING IS JUST BEGINNING™ YouTube channel a 13 minute long Chinese language video to an audience of supporters (the "November 16th Video"). The November 16th Video is available and can be viewed on YouTube at

https://www.youtube.com/watch?v=AYa5anpj0hY.

100.    In the November 16th Video, Kwok defames and makes false statements of fact about Plaintiff Tang. Specifically, Kwok accuses Mr. Tang of "fraud" and "lying" and stated Tang (i) "is just a swindler in life," (ii) "swindles, and he swindles with his wife [Jing] out there," (iii) "is swindling money every day," (iv) "is just a fraud," (v) "looks like his artifice of swindles and fraud and the way he succeeds with every fraud never changes. This is why he is a big swindler, a professional swindler;" and (vi) "You see him [Tang], for only twenty or thirty thousand dollars, he swindles one person after another. Lots of people gave me a lot of information about him but I never said anything about him. These few days he is out of his mind."

101.    The above statements are knowingly and materially false, and were made to defame Plaintiff Tang and Jing.

102.    On November 18, 2017, Kwok live-streamed and subsequently published on his EVERYTHING IS JUST BEGINNING™ YouTube channel and on his Instagram account yet another video defaming and making false statements of fact about Plaintiff Tang (the ("November 18th Video"). An excerpt from the November 18th Video is available and can be viewed on YouTube at https://www.youtube.com/watch?v=03dp2Y5R_Jc.  In the November 19th Video, Kwok accuses Tang of being a "professional swindler," stating, in relevant part: "What kind of professional fraud is this? 28 years of fundraising, everyday fundraising, even fundraising for divorce, fundraising for divorce. Even fundraising to pay for his visit to prostitutes in night club."

103.    The above statements are knowingly and materially false, and were made to defame Plaintiff Tang.

104.    On November 21, 2017, Kwok live-streamed and subsequently published on his
EVERYTHING IS JUST BEGINNING™ YouTube channel yet another video defaming and
making false statements of fact about Plaintiff Tang (the "November 21st Video"). The
November 21st Video is available and can be viewed on YouTube at
https://www.youtube.com/watch?v=9fzY7z0bgdw.

105.    Specifically, in the November 21st Video, Kwok states, in relevant part, "Tang,
Baiqiao never worked a single day for the past 28 years, just do donation swindle and fraud
every day, live on donation fraud."

106.    The above statements are knowingly and materially false, and were made to
defame Plaintiff Tang.

107.    Furthermore, in the November 21st Video, Kwok offered to publicly to reward
$100,000 to any female person worldwide to file lawsuits against Tang for sexual assault and
rape charges. Specifically in the November 21st Video, Kwok states, in relevant part:

    a.  I'm calling all internet friends that I'm going to implement a method of Direct
Reward. I'm going to respond to a USA act for Women and Children Protection.
Any overseas Chinese and Chinese inside China, any female person, can contact
Guo, Wengui directly. Why are you contacting me? For example things like Li,
Weidong's **sexual assault**. Li, Weidong . . . and **Tang, Baiqiao**,. . . you guys
should come together. Let people see that members of Democratic Movement are
coming together. For all these people, all females in the past sexually assaulted
and insulted by them who wants to cooperate with me to sue them gets paid a
$100,000 reward the same day after you sign the attorney agreement. Instant cash
payment. I will pay all attorney fees. I will reimburse all related room and board

and travel cost. Remember these names, remember: . . .**Tang, Baiqiao** . . . If I forget anyone I will tell later. Any female person who **was sexually assault or raped** that willing to come out to sign the attorney contract, I'll find the lawyer for you, at the day of signature I'll immediately pay you $100,000 US dollars. All attorney fees covered.

108.    The above statements are also knowingly and materially false, and were made to defame and ridicule Plaintiff Tang by falsely associating him with accusations of rape and sexual assault.

109.    On or about November 22, 2017, Kwok posted a tweet to his MILES KWOK™ Twitter account stating: "这几天发生了很多大事情：这几天我会一一向大家报告．这一周我们要一起先把假民运骗子．唐柏桥．李洪宽的真实面目彻底揭穿！他们骗了这么多女同胞．钱．色．有这么多刑事案件．假文凭．假历史．假募资……我们一起先将他俩送到该去的地方吧！" which translates to "There have been many big events in these days: I will report to you all these days. This week we should first put fake people to swindlers. Tang Baiqiao. The true face of Li Hongkuan completely wear! They lied so many female compatriots. money. color. There are so many criminal cases. Fake Diploma. Fake history. Fake fundraising ... we first sent them to the place to go!" (the "November 22nd Tweet"). The November 22nd Tweet is available and can be viewed on Kwok's Twitter account at www. twitter.com/KwokMiles/status/933499789739810818.

110.    On November 26, 2017, Kwok live-streamed and subsequently published on his EVERYTHING IS JUST BEGINNING™ YouTube channel two additional videos defaming and making false statements of fact about Plaintiff Tang (the "November 26th Videos"). The November 26th Videos are available and can be viewed on YouTube at

https://youtu.be/wvcCY_DJK-s and https://youtu.be/EQZrTPqUQaQ, respectively.

111. In the first of November 26th Videos, Kwok states "Tang, Baiqiao, he spent all of the donations of the past several decades on himself. After investigating different accounts in different areas, [we see] Tang,Baiqiao 's donation fraud, sexual fraud, cheating, and all kinds of fake information. Other than his person that is real, nothing else is real about him."

112. In the second of the November 26th Videos, Kwok states ""Tang, Baiqiao and Li, Hongkuan, use the name of democracy and democratic movement, wearing the hat, swindle female and gave birth to children. He doesn't even raise this child. This is crime. Criminal crime and moral crime."

113. The above statements are knowingly and materially false, and were made to defame and ridicule Plaintiff Tang by falsely associating him with accusations of fraud and criminal sexual misconduct.

114. On December 12, 2017, Kwok posted yet another video on his YouTube account (accessible on the Internet at https://youtu.be/AsBoFhUW7n4), accusing Tang of sexual assault against women, being a "real money tricker,"and "brib[ing] people around [Kwok]."

115. By publishing the above Videos and Tweets, Kwok acted with constitutional malice because he knew he was lying when he made these allegations about Mr. Tang. At a minimum, Kwok published those videos with reckless disregard as to whether the statements therein concerning Mr. Tang and Jing were true or false.

116. When Kwok published the Videos above to his hundreds of thousands of Twitter followers, he knew and/or reasonably anticipated that republication of the defamatory and disparaging statements contained therein by his Twitter followers, news outlets and other media was the natural and probable consequence.

117.    Indeed, Kwok actively seeks such attention in order to promote his personal and professional brands, and to garner attention for and ultimately drive consumers to his competing online entertainment and media business he advertises under the Kwok Marks.

118.    The Videos, along with the above mentioned Tweets, have had their intended effect: on information and belief, hundreds of thousands of viewers and readers have been misled about Mr. Tang and Jing.

119.    Plaintiffs have received numerous inquiries about the truthfulness of the statements on the Videos and Tweets.  Many of these inquirers have expressed anger, frustration, confusion or dismay to Plaintiffs based on the content of those Videos and Tweets.

120.    Upon information and belief, Defendant Kwok published the Videos and posted the Tweets for the sole purpose of harming Plaintiffs' reputations and causing them to lose revenue as the statements within bear directly on Plaintiffs' services, professional capabilities, and business practices—all key aspects of Plaintiffs' business and factors that any person considers before donating to a person or cause or choosing to frequent a website focused on a particular topic.

121.    In particular, the statement that Mr. Tang "swindles for donations" is and has been devastating to his reputation and business interests. No one wants to donate to a person who "swindles" and defrauds.

122.    Defendant posted the Videos and Tweets (and videos contained therein) on his high-profile YouTube and Twitter accounts precisely because he knows that persons interested in the topics of political dissidence against China, like Plaintiffs' own conference attendees and visitors to Mr. Tang's Conscience Media network of websites, review Kwok's YouTube and Twitter accounts regularly—upon information and belief, only because Tang previously

endorsed Kwok in an article written on the Conscience Media website in April 2017.

123.    Sometime in mid- to late- November 2017, Defendants registered the domain name www.guo.media with GoDaddy (the "Guo Media Website").

124.    Indeed, on or around mid-December 2017, Kwok conducted several public interviews claiming he was transforming his web series, Twitter accounts and the like into a new media platform that he intended to launch before the end of December 2017.

125.    Between mid-January 2018 to the present, Kwok has published several videos on his EVERYTHING IS JUST BEGINNING™ YouTube channel promoting the formal launch of the competing Guo Media Website.

126.    Upon information and belief, the Guo Media Website launched on February 1, 2018.  On the "About" section of the Guo Media Website, it states that Guo Media is a "social networking and livestreaming platform where everyone can express their views and opinions freely. Please join us in promoting judicial and media independence, democracy and religious freedom in China! Everything is just beginning!"

127.    The About section of the Guo Media Website further states, "GUO.MEDIA is an all-in-one social networking platform available in both website and mobile app versions, where users can build their own user profiles, create their own posts and follow each other. This is a platform for people to share their views freely on everything. . . Users can broadcast a live video via our app. Your followers will receive notifications when live streaming has started, to let everyone also able to watch your broadcast."

128.    The Guo Media Website allows users to create profiles with usernames (i.e. "@milesguo") similar to Twitter accounts, where they can publish text, images and videos. A link to Kwok's @milesguo Guo Media account appears on the homepage of the Guo Media

Website.

129.     Upon information and belief, the Guo Media Website is the formal iteration of the competing business that Defendants referred in the above Tweets disparaging Plaintiff Tang and his related Conscience Media network of websites.

130.     Thus, by continuing to promote Kwok's personal name trademarked brands and Guo Media in his misleading and false public statements regarding Plaintiff Tang, Defendants intended to siphon visitors and customers away from Plaintiff Tang's online media outlets and towards their own.

131.     In addition, Plaintiff Tang and Defendant Kwok both compete in the public speaking market on the topics of political dissidence against China.

132.     Plaintiff Mr. Tang has authored books on the subject.

133.     Thus, upon information and belief, Defendant knew that the Videos and Tweets (and videos contained therein) would stifle competition with and cause economic harm to Plaintiff Tang by attempting undermine Tang's reputation which is what his personal business is built on—especially considering Defendant Kwok was a relatively unknown figure until Mr. Tang supported him, and for decades the public had come to trust the political reputations and motivations of dissidents like Mr. Tang and routinely visit Mr. Tang's Conscience Media network of websites.

134.     In short, when Kwok disparages Plaintiffs, in the manner stated above, Plaintiffs' reputations suffered and donations waned and fewer consumers visited Mr. Tang's Conscience Media network of websites.

135.     Plaintiff Tang continues to have contractual relationships with his donors, conference attendees, and contributors.

136.    Defendants scripted and caused to be disseminated the above statements as part of an intentional, malicious and systematic campaign to interfere with Plaintiff Tang's contractual relationships with their donors, conference attendees and contributors, and upon information and belief, to wreak havoc on those Plaintiff's business by inducing those Plaintiff's donors, conference attendees, contributors, and prospective donors and conference attendees to cease doing business with Plaintiff Tang, withdraw their attendance from various conferences, and not to visit Mr. Tang's Conscience Media network of websites.

137.    As a direct and proximate result of Defendant's defamatory conduct described herein, a number of Plaintiffs Tang's donors and contributors have been confused, refused to start and/or continue business with Mr. Tang—including but not limited to withdrawing their conference attendance fees and planned contributions.

### FIRST CLAIM FOR RELIEF
### VIOLATION OF THE LANHAM ACT
### UNDER 15 U.S.C. § 1125(a)(1)(B)
### (as to Mr. Tang against all Defendants)

138.    Plaintiffs reallege and incorporate by reference Paragraphs 1 through 137 as though fully set forth here.

139.    Defendants' publication and direct endorsement of false and misleading statements about Plaintiffs Tang and his services, constitutes false advertising in violation of 15 U.S.C. § 1125(a)(1)(B).

140.    Defendants' publication and direct endorsement of false and misleading statements about Plaintiff Tang and his services, is likely to deceive people and consumers as to the nature and quality of Tang's services.

141.    As a direct and proximate result of Defendants' unlawful acts, Plaintiff Tang has suffered irreparable damage to his reputations and will continue to suffer significant and

irreparable reputational injury to his online media businesses, in addition to significant monetary damages in amounts to be determined at trial.

## SECOND CLAIM FOR RELIEF
## SLANDER, LIBEL *PER SE*, AND COMMERICAL DISPARAGEMENT
### (as to all Plaintiffs against Kwok)

142.    Plaintiffs reallege and incorporate by reference Paragraphs 1 through 137 as though fully set forth here.

143.    Defendant Kwok has intentionally made knowingly false statements of fact about Plaintiffs and Tang's services in the Videos and Tweets.

144.    Additionally, and/or alternatively, Defendant Kwok has espoused and/or concurred in the charges made by others to launch an unwarranted personal attack of his own against Plaintiffs and upon Plaintiffs' honor, dignity and standing in the community.

145.    These statements were made maliciously and willfully, and were intended to cause harm to Plaintiffs' business integrity and personal reputations.

146.    The aforementioned statements were false when made and Defendant Kwok knew or should have known that the statements were false when made.

147.    The statements were made with reckless disregard for their truth or falsity or with knowledge of their falsity and with wanton and willful disregard of the reputation and rights of Plaintiffs.

148.    The aforementioned statements where made of and concerning Plaintiffs, and were so understood by those who read Defendant Kwok's publication of them.

149.    Among other statements, on Kwok's YouTube account, published to hundreds of thousands of people online, via email and social media, and accessible across the Internet, Kwok accused Plaintiffs Tang of being donation "swindle[r]," defrauding legitimate donations for

personal gain, and committing "sexual assault".  Similarly, Kwok published statements that Plaintiffs Mr. Tang and Jing were "special agents," spies and fraudsters.

150.    These statements were false, and were published to third parties in this district and across the Internet.

151.    Defendant Kwok has no privilege to assert the false and disparaging statements.

152.    Defendant Kwok asserted the above statements with actual malice, in that through Kwok's personal and professional relationship with Mr. Tang as stated above, he knew that the above statements were false. Alternatively, Kwok's statements were published with reckless disregard for the truth or falsity of same, and were made to solely to injure Plaintiffs.

153.    As a result of Defendant Kwok's acts, Plaintiffs have suffered irreparable damage to their reputations and further damages in an amount to be determined at trial.

154.    As a result of the willful and malicious nature of the defamation, Plaintiffs are entitled to punitive damages.

### THIRD CLAIM FOR RELIEF
### UNFAIR COMPETITION – FALSE DESCRIPTION
### (as to Mr. Tang against all Defendants)

155.    Plaintiffs reallege and incorporate by reference Paragraphs 1 through 137 as though fully set forth here.

156.    Defendants authored and/or are using the Videos and Tweets to divert users searching for Plaintiff Mr. Tang to Defendants' competing business and services.

157.    As set forth above, Defendants posted and widely-disseminated false, misleading and defamatory statements and represents about Plaintiff Tang online concerning the nature, characteristics or quality of Plaintiff Tang's services.

158. The false and misleading representations set forth above were made in the scope of commerce and in the context of promoting Defendants' competing online media business.

159. Upon information and belief, Defendants knew that Google displays search results to users searching for the people and companies named in those titles and addresses, which results are highly ranked, and that such a false statement would harm Plaintiff Tang's reputation and business in this district and elsewhere.

160. Upon information and belief, by posting the misleading Videos and disparaging Tweets with the statements "Liar Tang" and "Tang Baiqiao" therein, Defendants intended to use these defamatory and false statements as a means to generate business by turning donors and interest away from Plaintiff Tang and his Conscience Media network of websites, and redirecting them to Defendants' competing Guo Media Website.

161. Moreover, Defendants actions did harm Plaintiff Tang and made Plaintiff Tang believe that he would be damaged by Defendants' misrepresentations.

162. Considering Defendant Kwok knew that his statements concerning Tang were false and/or, at best, misleading, Kwok had no justification to assert the misrepresentations other than to harm Plaintiff Tang's business by exploiting the earned reputation of Tang and coopting Tang's story as an image of resistance to corruption in the Chinese government, as Kwok's own.

163. These acts and others stated above constitute a pattern of common law unfair competition by, *inter alia*, false description, entitling Plaintiff Tang to recovery of compensatory and punitive damages, in an amount to be proved at trial, including compensation for Plaintiff Tang's time, effort and attorney's fees.

## FOURTH CLAIM FOR RELIEF
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (as to all Plaintiffs against Defendant Kwok)

164.    Plaintiffs reallege and incorporate by reference Paragraphs 1 through 137 as though fully set forth here.

165.    Defendant Kwok's statements as set forth above occurred intentionally with a desire to harm Mr. Tang and Jing.

166.    The manner by which Defendant Kwok sought to harm Plaintiffs, including the steps described herein via the dissemination of the Videos and Tweets to communicate with the public at large and oral statements to Plaintiffs' friends and supporters, was extreme and outrageous.  Indeed, the quantity and multitude of public statements made advocating that Plaintiffs be "eliminated" i.e., killed, as well as Kwok's public charge to induce and fund fraudulent lawsuits accusing Tang of sexual assault and rape, was extreme and outrageous.

167.    By turning his unfair competition campaign exceedingly personal and ugly, Defendant Kwok intended to and did cause Plaintiffs severe and extreme emotional distress.

168.    As a result of Defendant Kwok's past and continued wrongful acts, including, *inter alia*, besmirching Mr. Tang's and Jing's reputation, Plaintiffs have experienced extreme emotional distress.

169.    As a result of Defendant Kwok's past and continued wrongful acts, the character and reputations of Plaintiffs Mr. Tang and Jing were harmed and they suffered mental anguish and personal humiliation.

170.    As a direct and proximate result of Defendant Kwok's past and continued wrongful acts, Plaintiffs Mr. Tang and Jing has been materially and substantially damaged in an

amount to be proved at trial, including compensation for Plaintiffs Mr. Tang and Jing's time, effort and attorney's fees.

### FIFTH CLAIM FOR RELIEF
### TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONS AND PROSPECTIVE CONTRACTUAL RELATIONS
#### (as to Mr. Tang against Defendant Kwok)

171.   Plaintiffs reallege and incorporate by reference Paragraphs 1 through 137 as though fully set forth here.

172.   Plaintiff Tang had existing contracts with its donors and contributors and reasonably expected that its contractual relationships with its donors and contributors would continue into the future.

173.   Defendant Kwok knew of Plaintiffs' contracts with the conference attendees identified above.  Indeed, Defendant Kwok was well aware that Plaintiffs had an upcoming conference because he referred to same in the Videos, and claimed to have paid money to Tang well above the normal cost to attend.

174.   By the wrongful conduct described above, Defendant Kwok intentionally and improperly interfered with Plaintiffs' contracts with its donors and contributors and did so with the intent and purpose of damaging Plaintiffs' business and reputation.

175.   Defendant's interference caused Plaintiff Tang's donors and contributors confusion, to withdraw their scheduled attendance (including their planned contributions and attendance fees) and to cease doing business with Plaintiff Tang.

176.   At least two of Plaintiff's scheduled attendees who viewed the Videos and received defamatory oral communications from Defendant Kwok cancelled their attendance at Plaintiff's conference (including where one scheduled attendee was set to be a speaker) and withdrew their planned contributions.

177.    Potentially hundreds of thousands more prospective donors will never inquire with Plaintiff Tang due to the Videos and Tweets—which was Defendant Kwok's precise intention— warning that, "you cannot fundraise" with people like Plaintiff Tang who "swindle for donations."

178.    As a result of Defendant Kwok's actions, Plaintiff Tang has been and continues to be damaged in an amount to be determined at trial.

179.    Plaintiff Tang has also suffered and will continue to suffer irreparable harm in the form of damage to his reputation as a result of Defendant Kwok's conduct described herein.

180.    While an award of damages may be adequate to compensate Plaintiff Tang for the loss of donors, contributions, or conference attendance fees, an award of damages will not be adequate to compensate Plaintiff Tang for the damage to his reputation caused by Defendant Kwok.  Plaintiff Tang has suffered and will continue to suffer irreparable harm unless injunctive relief is granted.

### SIXTH CLAIM FOR RELIEF
### HARASSMENT IN VIOLATION OF N.Y. PENAL CODE § 240.26
**(as to all Plaintiffs against Defendant Kwok)**

181.    Plaintiffs reallege and incorporate by reference Paragraphs 1 through 137 as though fully set forth here.

182.    As set forth above, Defendant Kwok engaged in a course of conduct and/or repeated committed acts which alarm and/or seriously annoy Plaintiffs and which served no legitimate purpose.

183.    Defendant Kwok committed said acts with the specific intent to harass, annoy and/or alarm Plaintiffs.

184.    As a direct and proximate result of Defendant Kwok's past and continued wrongful acts, Plaintiffs have been materially and substantially damaged in an amount to be proved at trial, including compensation for Plaintiffs' time, effort and attorney's fees.

### SEVENTH CLAIM FOR RELIEF
### FALSE LIGHT INVASION OF PRIVACY
#### (as to all Plaintiffs against Defendant Kwok)

185.    Plaintiffs reallege and incorporate by reference Paragraphs 1 through 137 as though fully set forth here.

186.    Defendant Kwok publicly and false accused Plaintiffs of engaging in criminal activity and falsely accused Plaintiff Tang of rape and sexual assault.

187.    Defendant Kwok also publicly accused Plaintiffs of engaging in theft, fraud and other acts of dishonesty.

188.    The above statements would be highly offensive to a reasonable person.

189.    These statements were made maliciously and willfully, and were intended to cause harm to Plaintiffs' business integrity and personal reputations.

190.    The aforementioned statements were false when made and Defendant Kwok knew or should have known that the statements were false when made.

191.    The statements were made with reckless disregard for their truth or falsity or with knowledge of their falsity and with wanton and willful disregard of the reputation and rights of Plaintiffs.

192.    Plaintiffs reputations and businesses have been harmed by Defendant Kwok's statements and, as such, Plaintiffs are entitled to an award of actual, special and exemplary damages in an amount to be proved at trial, including compensation for Plaintiffs' time, effort and attorney's fees.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment against Defendant awarding Plaintiffs:

1.      Enter a judgment declaring that Defendants' conduct violates 15 U.S.C. §1125(a);

2.      Enter a judgment declaring that Defendant Kwok's conduct constitutes slander, libel and/or commercial disparagement;

3.      Enter a judgment declaring that Defendants' conduct constitutes unfair competition;

4.      Enter a judgment declaring that Defendant Kwok's conduct constitutes intentional infliction of emotional distress;

5.      Enter a judgment declaring that Defendants' conduct constitutes tortious interference;

6.      Award Plaintiffs compensatory damages according to proof at trial but in an amount not less than $20,000,000.00;

7.      Award Plaintiffs punitive damages pursuant to the Lanham Act and the common law, due to Defendants' willful and wanton behavior;

8.      Enter a temporary and permanent order, enjoining Defendants from publishing the false advertising statements identified above in relation to Plaintiffs, or any false statements similar thereto, and directing Defendants and their respective agents, servants, employees, successors and assigns, and all other persons acting in concert with or in conspiracy with or affiliated with Defendants, to remove, delete, or otherwise disable such videos, tweets, links and posts;

9.      Enter a temporary and permanent order, enjoining Defendants from publishing the

statements constituting libel and/or commercial disparagement identified above in

relation to Plaintiffs, or any false statements similar thereto, and directing

Defendants and their respective agents, servants, employees, successors and

assigns, and all other persons acting in concert with or in conspiracy with or

affiliated with Defendants, to remove, delete, or otherwise disable such videos,

tweets, links and posts;

10.     Award Plaintiffs reasonable attorney's fees, costs and disbursements in this civil

action; and

11.     Enter such other and further relief to which Plaintiffs may be entitled as a matter

of law or equity, or which the Court determines to be just and proper.

Dated:  Brooklyn, New York
        February 8, 2018

                                    LEWIS & LIN, LLC

                                    By:  _/s/ David D. Lin_
                                        David D. Lin, Esq. (DL-3666)
                                        Justin Mercer, Esq. (JM-1954)
                                    45 Main Street, Suite 608
                                    Brooklyn, NY 11201
                                    Tel: (718) 243-9323
                                    Fax: (718) 243-9326
                                    Email: david@iLawco.com
                                            justin@iLawco.com

                                    *Counsel for Plaintiffs*

## EXHIBIT LIST

**<u>Exhibit A</u> – September 10th Video (Chinese Transcription and English Translation)**

**<u>Exhibit B</u> – October 10th Tweet (English Translation)**

**<u>Exhibit C</u> – October 12th Tweet (English Translation)**

**<u>Exhibit D</u> – October 11th Video (Chinese Transcription and English Translation)**

**<u>Exhibit E</u> – October 23rd Video (Chinese Transcription and English Translation)**