UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BAIQIAO TANG a/k/a<br>TANG BAIQIAO and JING GENG,<br><br>      *Plaintiffs*,<br><br>  v.<br><br>WENGUI GUO a/k/a MILES KWOK,<br>a/k/a GUO WENGUI a/k/a HO WAN<br>KWOK and GOLDEN SPRING (NEW<br>YORK) LTD.,<br><br>      *Defendants*. | Case No: 1:17-cv-09031 (JFK)<br><br>**DECLARATION IN SUPPORT OF MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT PURSUANT TO Fed. R. Civ. P. 15(a)(2)** |

DAVID D. LIN, ESQ. hereby declares as follows:

1. I am the attorney for the plaintiffs herein, and make this declaration in further support of Plaintiffs' motion for leave to file a second amended complaint.

2. Annexed hereto as **Exhibit 1** is a true and correct copy of the Court's Order dated March 14, 2019 (the "Court's Order"). ECF Doc. 28.

3. Annexed hereto as **Exhibit 2** is a true and correct copy of the Notice of Electronic Filing for Court's Order dated March 14, 2019 (the "NEF").

4. Annexed hereto as **Exhibit 3** is a true and correct copy of the clerk's judgment dated March 14, 2019 (the "Clerk's Judgment"). ECF Doc. 29.

I hereby declare under penalty of perjury that the foregoing is true and correct.

Dated: Brooklyn, New York
   May 3, 2019

                    _____
                      DAVID D. LIN

# Exhibit 1

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------ X
BAIQIAO TANG a/k/a TANG        :
BAIQIAO, and JING GENG,        :
                               :
              Plaintiffs,      :
                               :
     -against-                 :   No. 17 Civ. 9031 (JFK)
                               :   OPINION & ORDER
WENGUI GUO a/k/a MILES KWOK    :
a/k/a GUO WENGUI a/k/a HO WAN  :
KWOK, and GOLDEN SPRING (NEW   :
YORK) LTD.,                    :
                               :
              Defendants.      :
------------------------------ X
```

APPEARANCES

FOR PLAINTIFFS BAIQIAO TANG AND JING GENG
    David Dong Ann Lin, Esq.
    LEWIS & LIN, LLC

FOR DEFENDANTS WENGUI GUO AND GOLDEN SPRING (NEW YORK) LTD.
    Aaron Aubrey Mitchell, Esq.
    LAW OFFICES OF COHEN AND HOWARD, LLP

**JOHN F. KEENAN, United States District Judge:**

Before the Court is a motion by Defendants Wengui Guo a/k/a Miles Kwok a/k/a Guo Wengui a/k/a Ho Wan Kwok ("Kwok"), and Golden Spring (New York) LTD. ("Golden Spring") to dismiss the complaint filed by Plaintiffs Baiqiao Tang a/k/a/ Tang Baiqiao ("Tang") and Jing Geng ("Jing") for failure to state claim under Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, Defendants' motion is granted.

## Background

1

Unless otherwise indicated, the following facts are taken from the Amended Complaint and accepted as true for purposes of this motion practice.

Plaintiff Tang is a legal permanent resident, domiciled in California. (Am. Compl. ¶ 6.)  Plaintiff Jing is Tang's wife and a U.S. citizen also domiciled in California. (Id. ¶¶ 7, 25.) Defendant Kwok is a "Chinese national and/or Hong Kong national" in the process of applying for asylum in the United States. (Id. ¶¶ 8, 38.)  Defendant Golden Spring is a Delaware corporation, authorized to do business in the state of New York as a foreign business corporation, with its principal place of business in New York. (Id. ¶ 9.)  Plaintiffs allege that this Court has federal-question jurisdiction over their claims pursuant to 18 U.S.C. § 1331. (Id. ¶ 12.)

Tang is a political activist, author, and "one of the leading Chinese political dissidents." (Id. ¶ 19.)  He was a leader in the student uprising that led to the Tiananmen Square massacre in 1989. (Id. ¶ 20.)  He currently runs two pro-democracy nonprofit organizations:  the China Peace and Democracy Federation and the All China People's Autonomous Federation. (Id. ¶ 25.)  He has also co-founded the online, independent media outlet "Conscience Media." (Id. ¶ 27.)  Tang supports his nonprofit organizations and media outlet with the help of non-governmental donations. (Id. ¶¶ 27-28.)  Tang also

2

"conducts and host[s] conferences and fund raising [sic] events, entitled the 'Democratic Revolutionary Conference,' in various states, including New York, where attendees pay fees and/or [are] invited [to] make financial contributions." (Id. ¶ 29.)

In early 2017, Tang was introduced to Kwok, "a Chinese multi-billionaire and real estate mogul." (Id. ¶ 31.)  Kwok, who was facing criminal charges in China relating to his business activities, had relocated to New York. (Id. ¶ 32.)  Tang hoped that building a relationship with Kwok would help him with his mission to "promote democracy in China," and he became one of Kwok's "most public and ardent supporters." (Id. ¶¶ 33-34.) Tang's support helped catapult Kwok "into the spotlight." (Id. ¶ 35.)

The feelings between Kwok and Tang, however, were not mutual.  In early to mid-2017, Kwok began to market a YouTube series, where he is the host and commentator, called "Everything Is Just Beginning." (Id. ¶ 39.)  Kwok filed various applications for trademark registrations related to his series in June 2017. (Id. ¶¶ 41-45.)  The stated purpose of the series was to provide news, and political and social commentary. (Id. ¶ 41.) Plaintiffs allege that the real purpose of "Everything Is Just Beginning," however, "was to compete with Mr. Tang personally and socially, as well as professionally, in the online media business." (Id. ¶ 40.)  Essentially, Kwok "intended to siphon

3

visitors and customers away from Plaintiff Tang's online media outlets and towards [his] own." (Id. ¶ 130.)

In or around August 2017, "Kwok began to contact Tang's potential donors" to dissuade them "from doing business with or contributing to . . . Tang or his online media outlet, Conscience Media." (Id. ¶ 46.)  Kwok also began posting "taunting material and defamatory statements" about Tang and Jing on YouTube and Twitter. (Id. ¶ 47.)  In several videos and tweets made between September and December 2017, he questioned Tang and Jing's professional standing, accused them of being spies, and attempted to undermine Tang's reputation as a leading political dissident. (Id. ¶ 48.)  He also accused Tang of defrauding donors and of being a "swindler" and convicted rapist. (Id. ¶ 49.)  Kwok also reached out to seven individuals personally who donated money to Tang and repeated his false claims to them that Tang was a convicted rapist. (Id. ¶¶ 69-70.) Plaintiffs allege that Kwok made these false and salacious accusations "to garner attention for and ultimately drive consumers to his competing online entertainment and media business." (Id. ¶ 58.)

As a result of Kwok's attacks, many individuals cancelled their upcoming trips to Tang's Democratic Revolutionary Conference. (Id. ¶¶ 65, 71.)  Tang also lost donors to his organizations and website. (Id. ¶ 134.)  Kwok's attacks have

4

purportedly misled "hundreds of thousands" of viewers and readers about Tang and Jing. (Id. ¶ 118.)  His attacks have also caused Tang and Jing severe emotional distress and damaged their reputations. (Id. ¶ 167.)

Plaintiffs filed their Amended Complaint on February 9, 2018.  They assert seven causes of action against Defendants, including one federal law claim for violation of the Lanham Act under 15 U.S.C. § 1125(a)(1)(B), and six pendent state law claims for (1) slander, libel per se, and commercial disparagement; (2) unfair competition; (3) intentional infliction of emotional distress; (4) tortious interference with contractual relations and prospective contractual relations; (5) harassment in violation of N.Y. Penal Code § 240.26; and (6) false light invasion of privacy.  Defendants moved to dismiss on March 9, 2018, contending that the Amended Complaint has failed to state a cause of action.

## DISCUSSION

### I.   12(b)(6) Motion to Dismiss Standard

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

5

misconduct alleged." Matson v. Bd. of Educ., 631 F.3d 57, 63 (2d Cir. 2011).  On a motion to dismiss, the Court must accept the factual allegations in the complaint as true and draw reasonable inferences in the plaintiff's favor. Tsirelman v. Daines, 794 F.3d 310, 313 (2d Cir. 2015).  The Court will not credit, however, "'naked assertions' devoid of 'further factual enhancement.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 557).

## II.  Defendant Golden Spring

Plaintiffs have named Golden Spring as a defendant in two claims in this action:  the Lanham Act and unfair competition claims.  Before alleging any facts, Plaintiffs assert generally that Golden Spring is a proper defendant in the lawsuit because Kwok "owns, directs, and/or controls Golden Spring," and Golden Spring "aided and abetted [Kwok] in the acts [or] omissions alleged." (Id. ¶ 10-11.)  The facts asserted later in the complaint, however, fail to demonstrate wrongdoing by Golden Spring sufficient to support Plaintiffs' general contention that Golden Spring aided Kwok in violating the Lanham Act or in engaging in acts which could constitute unfair competition.

Regarding their Lanham Act claim, Plaintiffs allege that "Defendants' publication and endorsement of false and misleading statements about . . . Tang and his services, constitutes false advertising," (Id. ¶ 139), and that "Defendants' endorsement" of

6

Kwok's statements "is likely to deceive people." (Id. ¶ 140.) The Amended Complaint, however, only contains allegations of Kwok's publication of false statements -- it never mentions any actions on the part of Golden Spring. The Amended Complaint fails to mention how Golden Spring "endorsed" Kwok's communications about Tang.

Regarding their unfair competition claim, Plaintiffs allege that (1) "Defendants authored and/or are using the Videos and Tweets to divert users . . . to Defendants' competing business," and (2) "Defendants posted and widely-disseminated false, misleading and defamatory statements . . . about Plaintiff Tang online." (Id. ¶ 156.) The supporting factual allegations in the Amended Complaint, however, only mention Kwok authoring, posting, and disseminating content about Tang. They make no mention of Golden Spring.

Accordingly, the Court dismisses Golden Spring as a defendant because "the amended complaint fails to allege any wrongdoing by" Golden Spring. Harnage v. Lightner, No. 18-1559-PR, 2019 WL 637975, at *4 (2d Cir. Feb. 15, 2019); see also Cohen v. Hertz Corp., No. 13 CIV. 1205 LTS AJP, 2013 WL 9450421, at *5 (S.D.N.Y. Nov. 26, 2013) (dismissing claims against two parent companies named in the same complaint as their subsidiary because the plaintiff failed to allege that the parent companies "were responsible for the wrongdoings that he suffered").

7

### III. Plaintiffs' Lanham Act Claim

Plaintiffs' first cause of action is for violation of Section 43(a) of the Lanham Act, which "protect[s] persons engaged in . . . commerce against unfair competition." POM Wonderful LLC v. Coca-Cola Co., 573 U.S. 102, 107 (2014) (internal quotations omitted). It provides in relevant part that any person shall be liable in a civil action

> who, on or in connection with any goods or service, uses in commerce . . . any false designation or origin, false or misleading description of fact, or false or misleading representation of fact which . . . in commercial advertising or promotion, misrepresents the nature, characteristics, qualities or geographic origin of . . . another person's goods, services, or commercial activities.

15 U.S.C. § 1125(a)(1)(B). The Lanham Act "does not prohibit false statements generally," but it prohibits "false or misleading descriptions or false or misleading representations of fact made about one's own or another's goods or services." S.C. Johnson & Son, Inc. v. Clorox Co., 241 F.3d 232, 238 (2d Cir. 2001) (quoting Groden v. Random House, Inc., 61 F.3d 1045, 1051-52 (2d Cir. 1995)).

"To be actionable under the Lanham Act, statements must constitute 'commercial advertising or promotion.'" Enigma Software Grp. USA, LLC v. Bleeping Computer LLC, 194 F. Supp. 3d 263, 293 (S.D.N.Y. 2016) (quoting Romeo & Juliette Laser Hair Removal, Inc. v. Assara I LLC, No. 08-CV-0442(DLC), 2016 WL

8

815205, at *7 (S.D.N.Y. Feb. 29, 2016)). "In this circuit, to constitute 'commercial advertising or promotion' under the Lanham Act, a statement must be: (1) 'commercial speech,' (2) made 'for the purpose of influencing consumers to buy defendant's goods or services,' and (3) 'although representations less formal than those made as part of a classic advertising campaign may suffice, they must be disseminated sufficiently to the relevant purchasing public.'" Gmurzynska v. Hutton, 355 F.3d 206, 210 (2d Cir. 2004) (quoting Fashion Boutique of Shirt Hills, Inc. v. Fendi USA, Inc., 314 F.3d 48, 56, 57-58 (2d Cir. 2002)). Many courts have adopted a fourth requirement: a purportedly false statement must be made "by a defendant who is in commercial competition with plaintiff." Enigma, 194 F. Supp. 3d at 293 (collecting cases).

Defendants move to dismiss Plaintiffs' Lanham Act claim on the grounds that: (1) Kwok's web postings are not commercial speech; (2) Defendants are not in commercial competition with Plaintiffs; (3) Kwok was not trying to influence consumers to buy his products; (4) Kwok's web postings were not disseminated sufficiently to the relevant purchasing public; and (5) Kwok's postings are free speech and, therefore, not actionable under 15 U.S.C. § 1125(a)(1)(B). This Court will first address whether Defendants' YouTube and Twitter statements, as well as his

9

personal communications to several of Plaintiffs' donors, can be considered commercial speech.

"Pure commercial speech 'does no more than propose a commercial transaction.'" Enigma, 194 F. Supp. 3d at 293 (quoting Bolger v. Youngs Drug Prods. Corp., 463 U.S. 60, 66 (1983)). "But a 'hybrid' communication, i.e., one that combines commercial and non-commercial elements, may nonetheless be 'commercial' where (1) it is an advertisement; (2) it refers to a specific product or service; and (3) the speaker has an economic motivation for the speech." Id. (citing Bolger, 463 U.S. at 66-67).

Defendants argue that Kwok's statements on Twitter and YouTube are not commercial speech because his statements do not "refer[] to any specific product or service provided by either the Plaintiffs or Defendants." (Mem. of Law in Supp. of Defs.' Mot. to Dismiss Am. Compl. at 7 (March 9, 2018), ECF No. 24.) In addition, "Kwok has no economic motivation for the speech at issue" as his "social networking website does not solicit donations, contributions, public or private gifts." (Id.)

Plaintiffs argue that Kwok's web postings are commercial speech because he made them to divert viewers and donors from Tang's media platform, Conscience Media, to "Everything Is Just Beginning," a YouTube series Kwok planned to expand into a larger media platform. (Mem. of Law in Opp. to Defs.' Mot. to

10

Dismiss at 9 (April 17, 2018), ECF No. 26.) Plaintiffs argue that Kwok's speech was commercial because, not only was he trying to attract viewers away from Tang's media platform to his own media platform, but he presented links to his real estate properties alongside his videos. (Opp. at 9; see also Am. Compl. ¶ 36.)

Plaintiffs fail to adequately allege that Kwok's communications on YouTube, Twitter, and to individual donors is commercial speech because they have not alleged that his speech was economically motivated. Plaintiffs have alleged that Kwok sought to gain viewers on his new media platform. (Am. Compl. ¶ 130.) They have not alleged, however, that Kwok intended to profit from the increase in viewership in any way. There are no allegations, for example, that by attracting viewers Kwok gained advertising revenue or donations. In fact, Kwok's statements imply that he refused to accept any donations. (See e.g., id. ¶ 55(a)-(c).) Moreover, although Kwok's YouTube videos purportedly contained links to his Chinese properties, there are no allegations that Kwok's communications were made with the intent of gaining potential customers to his real estate ventures.[1] Without these allegations, the Court cannot conclude

---

[1] Plaintiffs cite Bolger v. Youngs Drug Products Corp., 463 U.S. 60 (1983), for the proposition that because Kwok's videos contained links to his real estate ventures, they constitute commercial speech. (Opp. at 9.) In Bolger, the Supreme Court held that informational pamphlets regarding family planning and venereal disease, but which also promoted contraceptives developed by the

11

that Kwok's speech was commercial speech as opposed to political speech, which is not actionable under the Lanham Act. Sodexho USA, Inc. v. Hotel & Rest. Employees & Bartenders Union, Local 217, AFL-CIO, 989 F. Supp. 169, 171 (D. Conn. 1997) ("The 'commercial advertising or promotion' language was added by Congress to ensure that the section would not be applied to political speech."). Accordingly, Plaintiffs have failed to state a claim under section 43(a) of the Lanham Act and their first claim in this action is thereby dismissed.

**IV.   State Law Claims**

Federal district courts have supplemental jurisdiction over state law claims if they are "so related to claims in the action within [the court's] original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a). Nevertheless, a district court may decline to exercise supplemental jurisdiction when it "has dismissed all claims over which it has original jurisdiction." Id. § 1367(c)(3); see

---

defendant, constituted commercial speech. Bolger, 463 U.S. at 66-67. The Court in Bolger, however, emphasized that "reference to a specific product does not by itself" render speech commercial. Id. at 66. Instead, the pamphlets could be considered commercial speech because of a combination of factors: (1) the defendant conceded the pamphlets were advertisements; (2) the pamphlets, which related to family planning, referenced defendant's contraceptives; and (3) the defendant had an economic motivation for mailing the pamphlets. Id. at 66-67. The facts as alleged in Plaintiffs' complaint are different than the facts in Bolger. Kwok has not conceded that his videos were advertisements. Nor did the subject matter of his videos relate to his hotel business in any way. Finally, without any allegation that Kwok intended to generate revenue for his hotels by creating his YouTube content, Plaintiffs have failed to allege that Kwok had an economic motivation in creating his videos. Therefore, the Court is not persuaded by Plaintiffs' reliance on Bolger.

also In re Merrill Lynch Ltd. P'ships Litig., 154 F.3d 56, 61 (2d Cir. 1998) ("[W]hen the federal claims are dismissed the 'state claims should be dismissed as well.'" (quoting United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966))).  Having dismissed Plaintiffs' federal law claim under Rule 12(b)(6), the Court declines to exercise supplemental jurisdiction over and dismisses the state law claims.[2]

### V.  Leave to Amend

Rule 15 of the Federal Rules of Civil Procedure instructs courts to "freely give leave" to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2).  Amendment is not

---

[2] The Court notes, and Plaintiffs have made no argument otherwise, that it is apparent from the face of the complaint that there is no diversity jurisdiction in this case.  Tang is a permanent resident, and Jing is a U.S. citizen residing in California.  Kwok is in the process of applying for asylum.  As there are aliens on both sides of the litigation, the Court lacks diversity jurisdiction. H.K. Huilin Int'l Trade Co. v. Kevin Multiline Polymer Inc., 907 F. Supp. 2d 284, 289 (E.D.N.Y. 2012) (holding that there is no jurisdiction "over suits between a nonresident alien on one side and resident aliens and United States citizens on the other"); see also Guan v. Bi, No. 13-CV-05537-WHO, 2014 WL 953757, at *6 (N.D. Cal. Mar. 6, 2014) ("[T]his case involves an alien and a United States citizen on one side and aliens on the other side. There is no complete diversity of citizenship and, without an independent ground for jurisdiction, I cannot hear this case.").  In addition, the Court has dismissed all claims against Golden Spring thereby prohibiting the Court from exercising diversity jurisdiction on the basis of there being citizens of different states on either side of the litigation. See 28 U.S.C. § 1332(a)(3) (granting federal courts jurisdiction over "citizens of different States and in which citizens or subjects of a foreign state are additional parties.")

13

warranted, however, "absent some indication as to what [a plaintiff] might add to [its] complaint in order to make it viable." Shemian v. Research In Motion Ltd., 570 F. App'x 32, 37 (2d Cir. 2014) (quoting Horoshko v. Citibank, N.A., 373 F.3d 248, 249 (2d Cir. 2004)). Accordingly, should Plaintiffs wish to amend their complaint, they must demonstrate (1) how they will cure the deficiencies in their claims by filing a proposed amended complaint and (2) that justice requires granting leave to amend. Such demonstration shall be filed within 30 days of the date of this Opinion.

## Conclusion

For the reasons stated above, Defendants' motion to dismiss the complaint is GRANTED without prejudice. The Clerk of Court is respectfully directed to close the motion docketed at ECF No. 23 and terminate this case.

**SO ORDERED.**
New York, New York
March 13, 2019

John F. Keenan
United States District Judge

# Exhibit 2



# Activity in Case 1:17-cv-09031-JFK Tang et al v. Guo Memorandum & Opinion
1 message

**NYSD_ECF_Pool@nysd.uscourts.gov** <NYSD_ECF_Pool@nysd.uscourts.gov>    Thu, Mar 14, 2019 at 11:06 AM
To: CourtMail@nysd.uscourts.gov

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
***NOTE TO PUBLIC ACCESS USERS*** There is no charge for viewing opinions.

U.S. District Court

Southern District of New York

## Notice of Electronic Filing

The following transaction was entered on 3/14/2019 at 11:06 AM EDT and filed on 3/14/2019
**Case Name:**          Tang et al v. Guo
**Case Number:**        1:17-cv-09031-JFK
**Filer:**
**Document Number:** 28

**Docket Text:**
**OPINION & ORDER: For the reasons stated above, Defendants' motion to dismiss the complaint is GRANTED without prejudice. The Clerk of Court is respectfully directed to close the motion docketed at ECF No. 23 and terminate this case. (Signed by Judge John F. Keenan on 3/13/2019) (ks) Transmission to Orders and Judgments Clerk for processing.**

**1:17-cv-09031-JFK Notice has been electronically mailed to:**

David Dong Ann Lin      david@ilawco.com, docketing@ilawco.com

Aaron Aubrey Mitchell     amitchell@cohenandhoward.com, amitchellesq@gmail.com, bvicari@cohenandhoward.com, mcardenas@cohenandhoward.com

**1:17-cv-09031-JFK Notice has been delivered by other means to:**

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1008691343 [Date=3/14/2019] [FileNumber=21796573-0] [1f65e5d76d3eb8fc3fdb47095186435e959e7945e94ab59d2f74dca2e7b338c796 42721acd933f95ddb1260e8c90c441ae20086316ab7224ab6baa94ecdf2fc3]]

# Exhibit 3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
BAIQIAO TANG a/k/a TANG BAIQIAO, and
JING GENG,

                       Plaintiffs,

     -against-

WENGUI GUO a/k/a MILES KWOK a/k/a
GUO WENGUI a/k/a HO WAN KWOK, and
GOLDEN SPRING (NEW YORK) LTD.,
                       Defendants.
------------------------------------------------------------X

17 **CIVIL** 9031 (JFK)

## JUDGMENT

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/14/19

It is hereby **ORDERED, ADJUDGED AND DECREED:** That for the reasons stated in the Court's Opinion & Order dated March 14, 2019, Defendants' motion to dismiss the complaint is GRANTED without prejudice; accordingly, the case is closed.

**Dated:** New York, New York
        March 14, 2019

                                                  **RUBY J. KRAJICK**

                                                  **Clerk of Court**
                             BY:

                                                  **Deputy Clerk**