**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------- X
BAIQIAO TANG a/k/a Tang          :
Baiqiao, and JING GENG,          :
                                 :
              Plaintiffs,         :
                                 :
    -against-                    :
                                 :
WENGUI GUO a/k/a Miles Kwok      :
a/k/a Guo Wengui a/k/a Ho Wan    :
Kwok, GOLDEN SPRING (NEW YORK)   :
LTD., RULE OF LAW FOUNDATION     :
III INC., RULE OF LAW SOCIETY    :
IV INC., and SARACA MEDIA GROUP  :
INC.,                            :
                                 :
              Defendants.         :
------------------------------- X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/02/2020

No. 17 Civ. 9031 (JFK)

**OPINION & ORDER**

APPEARANCES

FOR PLAINTIFFS BAIQIAO TANG AND JING GENG:
     David D. Lin
     Justin Mercer
     LEWIS & LIN, LLC

FOR DEFENDANTS WENGUI GUO AND GOLDEN SPRING (NEW YORK) LTD.:
     Aaron A. Mitchell
     LAWALL & MITCHELL, LLC

FOR DEFENDANTS RULE OF LAW FOUNDATION III INC. AND RULE OF LAW
SOCIETY IV INC.:
     Steven J. Reed
     Sarah M. Bouskila
     NORRIS MCLAUGHLIN, P.A.

FOR DEFENDANT SARACA MEDIA GROUP INC.:
     Jillian M. Searles (on brief)
     Erin N. Teske
     HODGSON RUSS LLP

**JOHN F. KEENAN, United States District Judge:**

     Plaintiffs Baiqiao Tang and Jing Geng ("Plaintiffs") bring

suit against Defendant Wengui Guo a/k/a Miles Kwok ("Kwok") and

1

four entities that Kwok allegedly founded and controls, Defendants Golden Spring (New York) Ltd. ("Golden Spring") and Saraca Media Group Inc. ("SMG") (together with Golden Spring, "the Media Defendants"), and Defendants Rule of Law Foundation III Inc. ("ROL Foundation") and Rule of Law Society IV Inc. ("ROL Society") (together with ROL Foundation, "the ROL Defendants").  Before the Court are individual motions by SMG and the ROL Defendants to dismiss the Second Amended Complaint ("the SAC") pursuant to Federal Rule of Civil Procedure 12(b)(6).  For the reasons set forth below, both motions are DENIED.

**I.   Background**

   **A.   Factual Background**

The Court presumes familiarity with the allegations of this case as stated in the Court's March 14, 2019 decision granting Kwok and Golden Spring's motion to dismiss the First Amended Complaint ("the FAC"), Baiqiao Tang v. Wengui Guo, No. 17 Civ. 9031 (JFK), 2019 WL 1207859 (S.D.N.Y. Mar. 14, 2019) ("Tang I"), and the Court's November 20, 2019 decision granting Plaintiffs' motion for leave to file the SAC and to add SMG and the ROL Defendants to this action, Baiqiao Tang v. Wengui Guo, No. 17 Civ. 9031 (JFK), 2019 WL 6169940 (S.D.N.Y. Nov. 20, 2019) ("Tang II" or "the November 20, 2019 Opinion & Order").

To briefly summarize, Plaintiff Tang is a legal permanent resident, domiciled in California; Plaintiff Jing is Tang's wife and a U.S. citizen also domiciled in California. (SAC ¶¶ 7-8, ECF No. 37.) Kwok is a "Chinese national and/or Hong Kong national" who is currently domiciled in New York; the Media Defendants are Delaware corporations, authorized to do business in New York; and the ROL Defendants are Delaware non-profit corporations, also authorized to do business in New York. (<u>Id.</u> ¶¶ 9-20.) Plaintiffs allege that Kwok owns, directs, and/or controls the Media Defendants and ROL Defendants, which he created to promote certain for-profit endeavors of his under the guise of advocating for greater human rights and democracy in China; each entity operates out of Kwok's residence; and Kwok is the sole agent and promoter of the corporations' services, which are designed to compete with Plaintiffs' nonprofit organizations and media outlet, which also advocate for greater human rights and democracy in China. (<u>Id.</u> ¶¶ 3-4, 9-20.)

Plaintiffs allege that Kwok, via the Media Defendants and other outlets such as YouTube and Twitter, made and continues to make available, false and defamatory statements about Plaintiffs, as well as false or misleading statements about the purported use of funds donated to the ROL Defendants, in order to garner attention for Kwok's nonprofit and media organizations and ultimately drive donors away from Plaintiffs' competing

organizations.  (Id. ¶¶ 4-6, 101.)  Plaintiffs allege that
Kwok's attacks have caused them to lose donors and to suffer
severe damage to their reputations and livelihood.  (Id. ¶ 6.)

### B.  Procedural History

Plaintiffs initiated this action on November 17, 2017, by
filing a complaint against Kwok.  (ECF No. 1.)  On January 18,
2018, Kwok moved to dismiss the Complaint, but on February 9,
2018, Plaintiffs filed the FAC in lieu of opposing Kwok's
motion.  (ECF Nos. 11, 17.)  The FAC added Golden Spring as a
defendant and asserted seven causes of action against it and
Kwok for violations of the Lanham Act, defamation, unfair
competition, intentional infliction of emotional distress,
tortious interference with contractual relations, harassment,
and false light invasion of privacy.  On March 9, 2018, Kwok and
Golden Spring moved to dismiss the FAC, which the Court granted
in its entirety and without prejudice on March 14, 2019.  (ECF
Nos. 23, 28.)

On April 15, 2019, Plaintiffs filed a motion seeking leave
to file the SAC and to add SMG and the ROL Defendants to
Plaintiffs' Lanham Act and unfair competition causes of action.
(ECF No. 30.)  The SAC also added allegations of recent
wrongdoing by Kwok and the four other defendants which occurred
after the FAC was filed and which allegedly continue into the

present day.  Kwok and Golden Spring opposed Plaintiffs' motion.
(ECF No. 32.)

On November 20, 2019, the Court granted in part and denied
in part Plaintiffs' request for leave to file the SAC.  (ECF No.
36.)  The Court allowed Plaintiffs' Lanham Act, unfair
competition, defamation, and harassment claims to move forward,
and allowed SMG and the ROL Defendants to be added to this
action, but the Court denied leave to amend Plaintiffs' other
claims.  The November 20, 2019 Opinion & Order ruled that the
SAC plausibly alleged the following wrongdoing by Kwok, Golden
Spring, and the three new defendants: (1) that the ROL
Defendants, which are owned and controlled by Kwok, use the
Media Defendants to publish Kwok's false and misleading
statements; (2) that the ROL Defendants engaged in false
advertising regarding the foundations' non-tax exemption for
certain charitable donations, and the foundations' lobbying
efforts and non-charitable expenditures; and (3) that the Media
Defendants promote Kwok's and the ROL Defendants' false
statements and advertising by receiving funding from the ROL
Defendants and publishing Kwok's misleading infomercials on
their platforms. Tang II, 2019 WL 6169940, at *4.

On March 6, 2020, SMG and the ROL Defendants individually
moved to dismiss Plaintiffs' claims against them pursuant to
Federal Rule of Civil Procedure 12(b)(6).  (ECF Nos. 48, 51.)

SMG argues that the Communications Decency Act, 47 U.S.C. § 230, ("the CDA") shields it from any liability.  The ROL Defendants argue that the SAC fails to plausibly allege a principal-agent relationship between Kwok and the ROL Defendants, and even if it did, the SAC nevertheless fails to allege how the ROL Defendants' purportedly false advertising caused any harm to Plaintiffs.  Plaintiffs filed one brief in opposition to both motions.  (ECF No. 49.)  SMG and the ROL Defendants each filed reply briefs.  (ECF Nos. 50, 53.)

## II.  Legal Standard Governing Rule 12(b)(6) Motions to Dismiss

"Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." Keiler v. Harlequin Enters. Ltd., 751 F.3d 64, 70 (2d Cir. 2014).  "Consequently, to survive a motion under Rule 12(b)(6), a complaint does not need to contain detailed or elaborate factual allegations, but only allegations sufficient to raise an entitlement to relief above the speculative level." Id.

"[I]n deciding a Rule 12(b)(6) motion to dismiss a complaint, [the Court] is required to accept all 'well-pleaded factual allegations' in the complaint as true." Lynch v. City of

New York, 952 F.3d 67, 74-75 (2d Cir. 2020) (quoting Ashcroft v.
Iqbal, 556 U.S. 662, 679 (2009)).  "Although allegations that
are conclusory are not entitled to be assumed true, when there
are well-pleaded factual allegations, a court should assume
their veracity and then determine whether they plausibly give
rise to an entitlement to relief." Id. at 75 (brackets,
emphasis, and internal citations and quotation marks omitted).
"The court must also 'construe all reasonable inferences that
can be drawn from the complaint in the light most favorable to
the plaintiff.'" Id. (quoting Arar v. Ashcroft, 585 F.3d 559,
567 (2d Cir. 2009) (en banc), cert. denied, 560 U.S. 978
(2010)).  "The assessment of whether a complaint's factual
allegations plausibly give rise to an entitlement to relief
'does not impose a probability requirement at the pleading
stage; it simply calls for enough fact to raise a reasonable
expectation that discovery will reveal evidence of illegal'
conduct." Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S.
544, 556 (2007)).  "The choice between two plausible inferences
that may be drawn from factual allegations is not a choice to be
made by the court on a Rule 12(b)(6) motion." Anderson News, LLC
v. Am. Media, Inc., 680 F.3d 162, 185 (2d Cir. 2012), cert.
denied, 568 U.S. 1087 (2013).

### III.  Discussion

The SAC asserts one federal law claim against SMG and the ROL Defendants for violating the Lanham Act, 15 U.S.C. § 1125(a)(1)(B), and one state law claim against them for unfair competition.

### A.  Applicable Law

Section 43(a) of the Lanham Act ("the Act") protects persons engaged in commerce against unfair competition. <u>POM Wonderful LLC v. Coca-Cola Co.</u>, 573 U.S. 102, 107 (2014). Accordingly, the Act makes liable actors,

> who, on or in connection with any goods or services . . . uses in commerce . . . any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which . . . in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities.

15 U.S.C. § 1125(a)(1)(B).  The Act "does not prohibit false statements generally," but it does prohibit "false or misleading descriptions or false or misleading representations of fact made about one's own or another's goods or services." <u>S.C. Johnson & Son, Inc. v. Clorox Co.</u>, 241 F.3d 232, 238 (2d Cir. 2001) (quoting <u>Groden v. Random House, Inc.</u>, 61 F.3d 1045, 1052 (2d Cir. 1995)).

"It is well-established that the elements necessary to prevail on causes of action for . . . unfair competition under

New York common law mirror the Lanham Act claims." <u>Real News Project, Inc. v. Indep. World Television, Inc.</u>, No. 06 Civ. 4322 (GEL), 2008 WL 2229830, at *6 (S.D.N.Y. May 27, 2008) (quoting <u>Lorillard Tobacco Co. v. Jamelis Grocery, Inc.</u>, 378 F. Supp. 2d 448, 456 (S.D.N.Y. 2005)).

The November 20, 2019 Opinion & Order ruled that Plaintiffs' Lanham Act and unfair competition claims are permitted at this procedural stage because the SAC plausibly alleges (1) a sufficient economic motivation for Kwok's speech based on the "DONATE" buttons he included in certain video infomercials as well as the plausible allegation that Kwok sought to increase viewership on the Media Defendants' platforms in order to encourage donations to the ROL Defendants; (2) that Kwok and the entities he controls have misled the public regarding the use of donated money; and (3) that Kwok's false statements were made for the purpose of influencing donors to make contributions to his charitable organizations instead of to Plaintiffs' competing organizations. <u>Tang II</u>, 2019 WL 6169940, at *3-*4.

### B.  SMG's Motion to Dismiss

Plaintiffs allege that SMG may be held liable for publishing Kwok's false and misleading statements because it owns the website on which the statements were made.  (SAC ¶¶ 16-17.)  SMG counters that, even if the SAC's allegations were

9

true, the CDA prohibits Plaintiffs from bringing such claims
against SMG because the website at issue is an "interactive
computer service" that Plaintiffs improperly seek to hold liable
for content created and authored by Kwok.   The Court disagrees.

Section 230 of the CDA provides, "[n]o provider . . . of an
interactive computer service shall be treated as the publisher
or speaker of any information provided by another information
content provider," and it preempts any state law that is
inconsistent with its protections. 47 U.S.C. §§ 230(c)(1),
230(e)(3).  "In applying the statute, courts have broken it down
into three component parts, finding that it shields conduct if
the defendant (1) is a provider or user of an interactive
computer service, (2) the claim is based on information provided
by another information content provider and (3) the claim would
treat the defendant as the publisher or speaker of that
information." Fed. Trade Comm'n v. LeadClick Media, LLC, 838
F.3d 158, 173 (2d Cir. 2016) (brackets and internal quotation
marks omitted).

The CDA defines an "information content provider" as "any
person or entity that is responsible, in whole or in part, for
the creation or development of information provided through the
Internet or any other interactive computer service." 47 U.S.C. §
230(f)(3).  However, immunity pursuant to the CDA is generally
only available where the complained of content is provided by a

third-party. See, e.g., Herrick v. Grindr LLC, 765 F. App'x 586, 589 (2d Cir. 2019) (summary order) ("The majority of federal circuits have interpreted § 230(c) to establish broad federal immunity to any cause of action that would make service providers liable for information originating with a third-party user of the service.") (brackets omitted) (quoting Almeida v. Amazon.com, Inc., 456 F.3d 1316, 1321 (11th Cir. 2006)), cert. denied, 140 S. Ct. 221 (2019); Carafano v. Metrosplash.com, Inc., 339 F.3d 1119, 1123 (9th Cir. 2003) ("§ 230(c) provides broad immunity for publishing content provided primarily by third parties."); see also Shiamili v. Real Estate Grp. of New York, Inc., 952 N.E.2d 1011, 1017 (N.Y. 2011) (holding New York courts "read section 230 as generally immunizing Internet service providers from liability for third-party content"); Barrett v. Rosenthal, 146 P.3d 510, 525 (Cal. 2006) (noting Congress intended the CDA "to create a blanket immunity from tort liability for online republication of third party content").

Accepting the SAC's allegations as true and drawing all reasonable inferences in Plaintiffs' favor, the SAC plausibly alleges SMG's publication of the false statements—not merely its publication of a third-party's statements—because Plaintiffs plausibly allege that Kwok owns and controls SMG and used it to violate the Lanham Act and unfairly compete with Plaintiffs'

fundraising efforts.  Indeed, "it is well established that, for
an [interactive computer service] to enjoy immunity under CDA §
230, a <u>different</u> [information content provider] must have
provided the complained-of information—the statute does 'not
immunize [defendants] with respect to any information [they]
developed or created entirely by [themselves].'" <u>Enigma Software
Grp. USA, LLC v. Bleeping Computer LLC</u>, 194 F. Supp. 3d 263, 274
(S.D.N.Y. 2016) (emphasis and second, third, and fourth brackets
in original); <u>see also</u> <u>Shih v. Petal Card, Inc.</u>, No. 18 Civ.
5495 (JFK), 2020 WL 5659429, at *18 (S.D.N.Y. Sept. 23, 2020)
(holding complaint plausibly alleged corporate alter ego
liability based on the tortious conduct of the company's
owners); SAC ¶ 19 (alleging alter ego liability, among others).
Accordingly, Plaintiffs' claims against SMG are permitted at
this procedural stage.

### C.  The ROL Defendants' Motion to Dismiss

The SAC alleges that Kwok established the ROL Defendants in
late 2018, the two organizations are essentially the same except
for their tax-exemption status (one is a 501(c)(4) entity which
is allowed to engage in lobbying, the other is a 501(c)(3)
entity which is not), and the two organizations compete with
Plaintiffs for donations, gifts, and other contributions
intended for promoting human rights and democracy in China.
(SAC ¶¶ 67–80, 85.)  Plaintiffs further allege that Kwok and the

ROL Defendants engaged in false advertising by soliciting charitable contributions to the ROL Defendants without distinguishing between the two or disclosing to potential donors that the ultimate use of the funds was for non-charitable purposes, such as lobbying efforts, funding Kwok's personal asylum application, and funding his for-profit media organizations, the Media Defendants.  (Id. ¶¶ 80, 84.)

The ROL Defendants counter that they cannot be held vicariously liable for Kwok's purported false statements, and even if they could be held liable, the SAC nevertheless fails to plausibly allege how the ROL Defendants' false advertising caused harm to Plaintiffs.[1]  The Court disagrees.

As discussed in the November 20, 2019 Opinion & Order, the SAC plausibly alleges that Kwok founded and controls the ROL Defendants which, unbeknownst to certain donors, Kwok uses to fund his asylum application and the for-profit Media Defendants. Tang II, 2019 WL 6169940, at *3, *4.  Accepting the SAC's allegations as true and drawing all reasonable inferences in Plaintiffs' favor, the SAC plausibly alleges not simply

---

[1] The ROL Defendants also raise a series of counterfactual arguments regarding the nonprofits and Kwok's control over them.  The Court is not persuaded.  Not only are such arguments essentially affirmative defenses, inappropriate on a motion to dismiss, as discussed above, at this procedural stage the Court must accept the SAC as true and draw all reasonable inferences in Plaintiffs' favor. See Lynch v. City of New York, 952 F.3d 67, 74–75 (2d Cir. 2020).

vicarious liability against the ROL Defendants, but that they themselves engaged in false advertising with Kwok by failing to disclose that the use of certain donations was for purposes other than the organizations' stated objectives. (SAC ¶ 72 (alleging both ROL Defendants' websites list identical "mission statements" which explain that the organizations work to promote human rights in China).)

Likewise, the ROL Defendants' alternate, proximate cause argument also misses the mark at this procedural stage because Plaintiffs plausibly allege that they derive income from the same types of donations and gifts that were redirected to the ROL Defendants based, at least in part, on the ROL Defendants' false advertising. (Id. ¶¶ 85-90.) Indeed, as discussed in the November 20, 2019 Opinion & Order, the SAC plausibly alleges that Kwok's actions were intended to—and did—siphon customers and donors away from Plaintiffs' organizations to Kwok's competing organizations. Tang II, 2019 WL 6169940, at *4. Accordingly, the SAC's Lanham Act and unfair competition claims against the ROL Defendants are permitted.

## IV. Conclusion

For the reasons set forth above, Defendants Saraca Media Group Inc., Rule of Law Foundation III Inc., and Rule of Law Society IV Inc.'s motions to dismiss the Second Amended Complaint are DENIED.

It is FURTHER ORDERED that the parties are to proceed to discovery under the supervision of Magistrate Judge Parker and to confer and file a joint-proposed case management order by no later than November 24, 2020, which is to contain an agreed upon cutoff date for discovery.  If no agreed upon cutoff date is fixed, the Court will impose one.

The Clerk of Court is directed to terminate the motions at ECF Nos. 51 and 56.

**SO ORDERED.**

Dated:   New York, New York
         November 2, 2020

_____
John F. Keenan
United States District Judge