UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

BAIQIAO TANG *a/k/a* TANG BAIQIAO
and JING GENG,

                        Plaintiffs,

        -against-

WENGUI GUO *a/k/a* MILES KWOK
*a/k/a* GUO WENGUI *a/k/a* HO WAN
KWOK, GOLDEN SPRING (NEW YORK)
LTD., RULE OF LAW FOUNDATION III INC.,
RULE OF LAW SOCIETY IV INC., and
SARACA MEDIA GROUP, INC.,

                        Defendants.
-----------------------------------------------------------------X

**17-CV-9031 (JFK) (KHP)**

**OPINION AND ORDER ON MOTION TO WITHDRAW AS COUNSEL**

**KATHARINE H. PARKER, United States Magistrate Judge**

On February 8, 2021 Plaintiffs' counsel, Lewis & Lin LLC, moved to withdraw as counsel of record only for Plaintiff Baiqiao Tang pursuant to Local Civil Rule 1.4 due to counsel's inability to contact Tang. Neither Ms. Geng, the other Plaintiff in the case, nor any of the Defendants oppose this motion. On February 23, 2021 Plaintiffs' counsel submitted an ex parte letter to the Court to provide additional details about the reasons underlying its motion to withdraw. This letter was submitted pursuant with the Court's request at ECF No. 74. For the reasons set forth below, Plaintiffs' counsel's motion to withdraw is GRANTED.

**DISCUSSION**

A court in this District may grant counsel leave to withdraw "only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar . . ." S.D.N.Y. Civ. R. 1.4. This Court,

therefore, must analyze two factors in determining whether to grant a motion to withdraw as counsel of record: (1) the reasons for withdrawal and (2) the impact of the withdrawal on the timing of the proceeding. *Callaway Golf Co. v. Corporate Trade Inc.*, No. 10-cv-1676 (GBD) (JCF), 2011 WL 2899192, at *2 (S.D.N.Y. July 6, 2011).

With respect to the first factor, Plaintiffs' counsel asserts that it has attempted to contact Tang on numerous occasions and through various means in order to discuss the case. Specifically, counsel represents that it has left voicemails, sent numerous emails to multiple email addresses, and attempted to locate Tang's physical location in order to contact him. Indeed, in its more recent communication attempts, Plaintiffs' counsel explained that it would be forced to withdraw from its representation of Tang if he failed to respond. To date, Tang has not responded to any of these inquiries from counsel. Accordingly, the Court is satisfied that withdrawal is justified. *See Naguib v. Public Health Solutions*, No. 12-cv-2561 (ENB) (LB), 2014 U.S. Dist. LEXIS 67125, at *1-3 (E.D.N.Y. May 15, 2014) (granting motion to withdraw as counsel where client refused to communicate and cooperate with counsel).

Next, the Court must consider whether the prosecution of the action is likely to be disrupted by the withdrawal of counsel. *See Callaway Golf Co.*, 2011 WL 2899192, at *3. The Court notes that fact discovery in this case is not set to close until October 2021 and that there is no trial date set. In these circumstances, the proceedings are unlikely to be substantially disrupted and prejudice to Tang is unlikely. *Blue Angel Films, Ltd. v. First Look Studios, Inc.*, No. 8-cv-6469 (DAB) (JCF), 2011 WL 672245, at *2 (S.D.N.Y. Feb. 17, 2011) (finding that attorney withdrawal would not unreasonably delay proceedings as the case was not on the verge of

2

trial); *Furlow v. City of New York*, No. 90-cv-3956 (PKL), 1993 WL 88260, at *2 (S.D.N.Y. Mar. 22, 1993) (holding that withdrawal was proper where document discovery was complete but depositions remained and the "action [was] not trial ready").  Accordingly, the Court finds that the second factor also favors withdrawal.

## CONCLUSION

For the foregoing reasons, Plaintiffs' counsel's request to withdraw as counsel for Baiqiao Tang (ECF No. 73) is GRANTED.  Plaintiff Tang will have **30 days** from the date of this Order to retain new counsel, if he so chooses.  Further, Lewis & Lin LLC is hereby directed to serve of copy of this Order on Plaintiff Tang by both email and letter mail as soon as is practicable.  Lewis & Lin shall also file proof of service of the same on ECF.  The Court notes that the case conference scheduled for March 16, 2021 will proceed as scheduled.  Finally, the Court respectfully requests that the Clerk of Court terminate Lewis & Lin's representation of Plaintiff Tang **only**, consistent with this order.

**SO ORDERED.**

DATED:   New York, New York
         March 1, 2021

_____
KATHARINE H. PARKER
United States Magistrate Judge

3